WALKER, attorney-general, *ex rel.* MASON *et al. v.* GEORGIA
RAILWAY AND POWER COMPANY.

1. Where the constitution creates an office and prescribes the duties of the
   holder thereof, and declares that other duties may be imposed on him
   by statute, he has no authority to perform any act not legitimately
   within the scope of such statutory and constitutional provisions.
2. The attorney-general of this State was without authority to institute
   an equitable action in the name of the State, on the relation of a num-
   ber of designated individuals, against a domestic corporation, to enjoin
   it from doing acts alleged to be ultra vires. Whether such an action
   could legally have been brought by the attorney-general by express di-
   rection of the Governor is a question not involved in this case.
3. The judge properly refused to grant an interlocutory injunction; but
   he was without jurisdiction to dismiss the action before the appearance
   term.

APRIL 10, 1917.

Petition for injunction. Before Judge Ellis. Fulton superior
court. July 31, 1916.

*Little, Powell, Smith & Goldstein,* for plaintiff.

*Colquitt & Conyers,* for defendant.

FISH, C. J. The constitution of this State (Civil Code, § 6528)
declares: "There shall be an attorney-general of this State, who
shall be elected by the people at the same time, for the same term,
and in the same manner as the Governor." The next paragraph
(Civil Code, § 6529) prescribes the duties of the attorney-general
in the following statements: "It shall be the duty of the attorney-
general to act as the legal adviser of the Executive Department, to
represent the State in the Supreme Court in all capital felonies,
and in all civil and criminal cases in any court when required by
the Governor, and to perform such other services as shall be re-
quired of him by law." The only other services, the performance
of which by the attorney-general is required by law, are designated
in the Civil Code, § 254 et seq., and are enumerated in the follow-
ing language: "It is the duty of the attorney-general, when re-
quired so to do by the Governor:—

1. To give his opinion in writing, or otherwise, on any question
of law connected with the interest of the State or with the
duties of any of the departments.

2. To prepare all contracts and writings in relation to any
matter in which the State is interested.

3. To attend, on the part of the State, to all criminal causes

in any of the circuits, when the solicitor-general thereof is prosecuted, and to all other civil or criminal causes to which the State is a party." Paragraph 4 of this section is in the language of the constitution (Civil Code § 6529).

"When the services of such attorney-general shall be needed in either of the judicial circuits, the presiding judge thereof shall notify the Governor twenty days before the time, place, and cause, and the Governor may (in his discretion) order the attorney-general to comply, unless the law in the case presented makes it his imperative duty to do so." Civil Code, § 255.

"It is in the discretion of the comptroller-general to require the attorney-general, when the services of a solicitor-general are necessary in collecting or securing any claim of the State, in any part of the State, either to command the services of said attorney-general in any and all of such cases, or of the solicitors-general in their respective circuits." Civil Code, § 256.

"The Governor is authorized to require the attorney-general to perform, without compensation, all duties performed by the attorney for the Western & Atlantic Railroad. The duties devolved upon the special agent of the Western & Atlantic Railroad by an act approved December 20th, 1892, and all similar duties concerning said railroad, shall be performed by the attorney-general, without other compensation than his official salary." Civil Code, § 257.

The duties and powers of the attorney-general of this State are limited by the provisions of the constitution and statutes above quoted. This holding is no new pronouncement of the law controlling the question involved, but is a mere reiteration of the well-settled legal principle recognized in various decisions of the courts of last resort in this country, which are to the effect that where the constitution creates an office and prescribes the duties of the holder thereof, and declares that other duties may be imposed on him by statute, he has no authority to perform any act not legitimately within the scope of such statutory and constitutional provisions. Therefore nothing more is necessary than the citation of some of such cases. The Floyd Acceptances, 7 Wall. 666 (19 L. ed. 169); *State of Ga.* v. *Southwestern R. Co.,* 66 *Ga.* 403, 406; *Western Union Telegraph Co.* v. *W. & A. R. Co.,* 142 *Ga.* 532 (83 S. E. 135); State v. Bank etc. of Missouri, 45 Mo. 540.

In view of the foregoing, the attorney-general of this State was without authority to institute an equitable action in the name of the State, on the relation of a number of designated individuals, against a domestic corporation, to enjoin it from doing acts alleged to be ultra vires. Whether such an action could have been legally brought by the attorney-general by the express direction of the Governor is a question not involved in this case, and we therefore intimate no opinion on that subject.

The trial judge properly refused to grant an interlocutory injunction, although he was without jurisdiction to dismiss the action before the appearance term. Direction is given, that so much of the order as purports to dismiss the case be vacated, and that the order of dismissal be entered in term time.

*Judgment affirmed, with direction. All the Justices concur.*