MARTHA J. MILSTER, Respondent, v. DAVID P. MILSTER, Appellant.

Kansas City Court of Appeals, January 6, 1919.

1. **DIVORCE: Indignity: Charge of Adultery.** A false accusation made by the husband to a wife pregnant with child, that the child is not his, is an indignity justifying a divorce, in her favor.

2. ———: **Civil Action: Discretion.** An action for divorce is a civil action, but *sui generis*. The trial court has larger discretion as to the admission of evidence intended to satisfy him as to the propriety of granting the application, than in ordinary actions.

3. ———: **Evidence: Character.** Where the husband falsely accused the wife of adultery and does not deny or retract the charge at the trial, it is not error requiring the reversal of the judgment that evidence of her good character for chastity was admitted.

Appeal from Linn Circuit Court.—*Hon. Fred Lamb, Judge.*

AFFIRMED.

*Edward Bobb, A. L. Burns* and *Thomas P. Burns* for appellant.

*Benj. L. White* and *C. M. Kendrick* for respondent.

ELLISON, P. J.—plaintiff brought her action for divorce from defendant and he filed a cross-bill asking divorce from her. The trial court granted her a divorce for his fault, and made an allowance to her for alimony and attorneys' fee.

The grounds of her petition were that defendant had treated her with such indignities as to render her condition intolerable. The parties were married on the 18th day of April, 1916. She became pregnant and on the 6th of February, 1917, a child was born.

Defendant's mother and sister lived with them. The sister was not friendly and nagged at plaintiff for different things, which as plaintiffs pregnancy advanced, made her very nervous. Defendant knew of this. Defendant, if he did not reproach her for her condition, at least regretted it to a great degree. He told her he did not want her to be confined in the house as it would disarrange and inconvenience other members of the family. In these circumstances, being driven to great distress, she suggested an abortion. He furnished her with money on the occasion of her going to visit some friends in St. Louis intending thence to visit her relatives in North Missouri. There was some suggestion between them that she might have the abortion performed in St. Louis. When she got there she went with some friends to a hospital where nervous people were treated and so far recovered that she dismissed the idea of an abortion. She then went to North Missouri for her visit. She wrote several letters to defendant, but he never answered them and finally advertised in a paper published in the town where she was visiting and also in St. Louis papers that she had left him and that he would not be responsible for any debts she might make.

At different times he accused her of infidelity and denied that the child with which she was pregnant was his. While she was at the hospital he came once to see her, but treated her coldly and told her he would have nothing more to do with her and that he did not any longer consider her his wife.

We entertain no doubt that the foregoing constituted such unbearable and intolerable indignities as to constitute a cause for divorce. [Goodman v. Goodman, 80 Mo. App. 274, 282; Ashborn v. Ashborn, 101 Mo. App. 365, 368.] He contradicted her in im-

portant particulars, though he admitted enough to force the conclusion that he doubted the paternity of the child and stated that he questioned it and that he would be better satisfied if it was born after the natural time from the date of their marriage. [Clinton v. Clinton, 60 Mo. App. 296.]

It has been many times ruled by the Supreme Court and Courts of Appeals, that great deference will be paid to the finding of the trial Judge. [Wald v. Wald, 119 Mo. App. 341, 347; Penningroth v. Penningroth, 72 Mo. App. 322, 323.] This case is peculiarly one where that rule should be followed, and we will not disturb the conclusion of the trial court.

Plaintiff introduced evidence in chief over defendant's protest, as to her good character for chastity and this has given us some concern. Cases for divorce involving this question are not frequently found. Instances are numerous enough in ordinary civil suits, where it has been decided that such evidence is not admissible. In 1850, there was a decision by our Supreme Court in favor of admitting such evidence in divorce cases. [O'Bryan v. O'Bryan, 13 Mo. 16.] We have not found where it has been directly ruled upon since. The case was not noticed in Dudley v. McCluer, 65 Mo. 241. It was cited with approval in Miller v. Miller, 14 Mo. App. 418. There seems not to have been any occasion for our Supreme Court to notice the question in a divorce case since the O'Bryan case, though it was commented upon in a case involving a fraudulent disposition of property. [Black v. Epstein, 221 Mo. 286, 305.]

Such evidence in divorce cases has been ruled to be proper in other States. [Graft v. Graft, 76 Ind. 136; Hilker v. Hilker, 153 Ind. 425, 431; Warner v. Warner, 69 N. H. 137.] There are decisions in other jurisdictions against it. If it were not for Black v. Epstein, supra, we would readily follow the rule stated in O'Bryan v. O'Bryan, both from inclination and our duty to do so. But it must be conceded that in Black v. Epstein, Judge Fox has by inference, at least,

shown, if we may so say, an unfriendly disposition towards it. The matter was not really involved, for the Judge stated, that "No foundation was layed for the question," as to character. We therefore do not feel at liberty to announce that O'Bryan v. O'Bryan, has been overruled. The criticism which has been made of section 54, 1 Greenleaf on Ev., in which that author states that evidence of good character may be received in civil cases for fraud, etc., does not apply to the exceptional nature of an action for divorce.

We think that considerations like the following should have their influence on the question. Actions for divorce are not like ordinary civil actions, and in a great number of instances are not governed by the same rules. In many respects they are *sui generis*. Though not mentioned in the pleadings, the public is a third party in such actions and the Judge may, in large degree, take care of such parties interest. [2 Bishops, Marriage & Divorce, sec. 489 (Ed. 1891).] To promote this end he may freely examine witnesses. [Ib. sec. 491.] The public does not lose by laches; and it is a maxim that "Nothing is concluded as against the Judge." [Ib. sec. 663; Moore v. Moore, 41 Mo. App. 176, 184.] It should also be noticed that the statute (Secs. 2371, 2373, Revised Statutes 1909) contains protective clauses to be inserted in the petition, with an affidavit purging the applicant from collusion, fear or restraint, and affirming his sincerity. It is well known that a trial Judge is wary of those cases where no defense is made, and it is common knowledge that he requires proof of good character, (sec 2378 R. S. 1909), though he does not in other default cases.

Before granting a divorce the trial court must be satisfied that the one seeking it is an innocent and injured party. If both parties have cause for divorce, neither can have it, and a party seeking a divorce, a party who is guilty of either of the statutory causes for divorce, can not obtain a decree no matter how guilty the other party may be. This entire matter is discussed in Nagle v. Nagle, 12 Mo. 53; Hoffman v.

Hoffman, 43 Mo. 547.

It is true that in the case before us plaintiff's character for chastity was not attacked at the trial. But defendant's false accusation against her virtue was alleged in her petition. She testified to the accusation and he, in effect, admitted he had made it, but he did not retract. In view of the nature of the action, what could better aid the conscience of the Chancellor than reliable evidence of the good character of the complainant? and what could be more unreasonable than an order reversing a judgment for such cause? It may be (we do not say) we would not have interfered if the trial court had refused the evidence. The triangular case is tried before the Judge, he necessarily has some discretion, limited, of course, but yet of more breadth, than he would exercise in an ordinary civil suit. And so it was said in Warner v. Warner, 69 N. H. 137, that, "The reception or the rejection of evidence of character in divorce cases is not legal error," We therefore rule that it was not reversible error in the present case.

The allowance of alimony pending the suit and finally seems to be proper enough. There is no complaint made of it in defendants brief and hence no notice need be taken of it. Things not noticed under the points made in the brief need not be considered here.

The judgment will be affirmed. All concur.