BOYKIN, solicitor-general, *v.* MARTOCELLO.

No. 14269. November 12, 1942.

*John A. Boykin,* solicitor-general, *C. E. Pressley,* and *Durwood T. Pye,* for plaintiff.

*J. Herbert Johnson* and *Clarence H. Calhoun,* for defendant.

BELL, Presiding Justice. The constitution (Code, § 2-3902) declares that "It shall be the duty of the solicitor-general to represent the State in all cases in the superior courts of his circuit and in all cases taken up from his circuit to the Supreme Court; and to perform such other services as shall be required of him by law." The plaintiff relies in part on the first clause of this provision, contending that it includes divorce cases. We can not sustain this contention. According to the usual and ordinary signification of the language employed, this clause applies only to cases in which the State is a formal party, and would not include a divorce case in which the State has not been named and has not appeared as a party; although, as this court has several times expressly recognized, the State has an interest in all divorce cases. *Watts* v. *Watts,* 130 *Ga.* 683 (61 S. E. 593); *Jones* v. *Jones,* 181 *Ga.* 747 (2) (184 S. E. 271); *Haygood* v. *Haygood,* 190 *Ga.* 445, 448 (9 S. E. 2d, 834).

Nor does the duty imposed upon such officer by the Code, § 24-2908 (5), "To prosecute or defend any civil action in the prosecution or defense of which the State is interested, unless otherwise specially provided for," include an action for divorce, since cases of this class *are* "otherwise specially provided for," in that by a different statute it is declared that "In divorce cases proceeding undefended by the opposite party the judge shall see

that the grounds are legal and sustained by proof, or shall appoint the solicitor-general or some other attorney of the court to discharge that duty for him." Code, § 30-129. The duty imposed by this section is clearly placed on the trial judge, and not the solicitor-general, although the judge may appoint the solicitor-general or some other attorney to discharge that duty *for him.* In *Creamer* v. *Creamer,* 36 *Ga.* 618, 619, it was said: "Where a divorce case is proceeding ex parte, it is the duty of the judge to see that the grounds are legal, and sustained by the proof, or to appoint the solicitor-general, or some other attorney of the court, to discharge that duty for him. Rev. Code, sec. 1730 [1933, § 30-129]. This provision was doubtless incorporated in our law to prevent divorces from being collusively obtained. The grounds of divorce are specified with particularity, and it is made the duty of the judge, before a divorce is procured, to see that the party obtaining it is under the law and the evidence entitled to it. The provision on the subject was not intended as a mere form, but imposes a serious duty upon a judge to see that the laws are faithfully administered in this regard." In other jurisdictions the courts have generally taken the same view as to the officer upon whom such duty rests, holding that it is placed on the trial judge and not the State's attorney. 17 Am. Jur. 155, 294, §§ 13, 280; 27 C. J. S. 529, § 8. The duty of course may be placed on the State's attorney; but in the absence of some statute or constitutional provision to the contrary, the generally accepted view is that the *court* is the representative of the public interest in divorce cases. Milster *v.* Milster, 200 Mo. App. 603, 209 S. W. 620; Leland *v.* Leland, 319 Ill. 426, 150 N. E. 270; Cain *v.* Cain, 111 Ore. 272, 226 Pac. 230; McClellan *v.* McClellan, 290 Mich. 680, 288 N. W. 306, 291 N. W. 640, 127 A. L. R. 731, note.

The Code, § 30-124, referring to applications for removal of disabilities, declares that "The divorced person, or any citizen of the county wherein the divorce was granted, may resist the application; and should no person resist the same, the solicitor-general shall represent the State, with full power to resist the same, as in ordinary divorce cases." This section was taken from an act of the General Assembly passed in 1872 (Ga. L. 1872, p. 14); and while it would seem to imply that the legislature thought that the solicitor-general was already authorized to represent the State

in original divorce cases, it does not within itself confer such authority; and although it may be entitled to some consideration as a legislative interpretation, it can not be construed as changing the plain and settled meaning of the existing law as to the officer upon whom the State relies in such cases. *Park* v. *Candler,* 114 *Ga.* 466 (9) (40 S. E. 523).

While various duties are imposed by law upon the solicitor-general, there is no other constitutional or statutory provision that would seem to be pertinent in this connection. In *Walker* v. *Georgia Railway &c. Co.,* 146 *Ga.* 655 (92 S. E. 57), it was held: "Where the constitution creates an office and prescribes the duties of the holder thereof, and declares that other duties may be imposed on him by statute, he has no authority to perform any act not legitimately within the scope of such statutory and constitutional provisions."

At the time of our adopting statute, February 25, 1784, divorces were granted in England only in accordance with that branch of the common law known and distinguished as the ecclesiastical law, and there was no authority in the State's attorney to appear in such cases. *Head* v. *Head,* 2 *Ga.* 191, 202; *Whitaker* v. *Strong,* 16 *Ga.* 81 (2); State of Nevada *v.* Moore, 46 Nev. 65 (207 Pac. 75, 22 A. L. R. 1101, note). In this case of Nevada *v.* Moore will be found a very interesting opinion, in which it was said that the attorney-general had no power under the common law to intervene in a divorce suit or to bring an independent action to set aside a decree of divorce on behalf of the government; and that the statutes of that State, which are similar to ours, did not confer such authority. It was said also that the court represents the State's interest in divorce cases. There is a striking resemblance between that case and the one here under consideration, and the entire opinion accords with the views herein expressed.

The judge properly dismissed the petition on the ground that there was no authority in the solicitor-general to bring it. 5 Am. Jur. 239, § 9; State of Wisconsin *v.* Milwaukee Electric Railway & Light Co., 136 Wis. 179 (116 N. W. 900, 18 L. R. A. (N. S.) 672).

*Judgment affirmed. All the Justices concur.*