## 64895. BRYANT v. THE STATE.

QUILLIAN, Chief Judge.

Defendant appeals his conviction for burglary. *Held:*

1. Defendant was tried for a burglary committed in Fulton County in June 1981. Previously defendant had been accused of committing a series of burglaries in DeKalb and Fulton Counties early in 1980. At that time and before defendant was indicted a DeKalb assistant district attorney made an apparently oral agreement with defendant's counsel that defendant would disclose his involvement in the criminal conduct to all police jurisdictions, that in exchange for such disclosures defendant would not be prosecuted in DeKalb County nor would any derivative use be made of his disclosures beyond one prosecution, and that defendant would be given first offender status and a single punishment. There is no indication that any court approved this agreement. Thereafter, defendant made the disclosures, was not prosecuted in DeKalb County, pled guilty to a four count burglary indictment in Fulton County and received first offender status and a single sentence. At trial in the instant case defendant objected to the state introducing evidence of any of the 1980 offenses, which the state was offering as similar offenses to show identity, motive, plan, scheme, bent of mind or course of conduct, on the ground that the use of such evidence violated the DeKalb prosecutor's agreement to make no derivative use of defendant's disclosures of the 1980 offenses. The overruling of the objection is enumerated as error.

Up to the point of the attempt to use the DeKalb County agreement to prevent admission of evidence in a Fulton County trial, the facts of this case are similar to those of *State v. Hanson,* 249 Ga. 739 (295 SE2d 297), which affirmed *Hanson v. State,* 161 Ga. App. 9 (289 SE2d 280). We conclude the following based on *State v. Hanson.*

(a) Because the instant case does not involve compelled testimony or a plea bargain, it does not fall under the use immunity statute, Code Ann. § 38-1715 (Ga. L. 1975, pp. 727, 728); nor is there any statutory or common law basis for transactional immunity in Georgia. Id. at 743 (1). Thus, contrary to defendant's contention, defendant "was not entitled to immunity for the purpose of constitutional protection" as he gave up no constitutional right.

(b) The DeKalb district attorney had the prosecutorial discretion to agree to dismiss cases prior to indictment in exchange for information or evidence. Id. at 744 (2).

(c) The ruling in *State v. Hanson,* at 744 (2), mandating that any future such agreements contain "a description of the crimes or

transactions in regards to which an individual is excused from prosecution" and have court approval, being prospective only (Id. at 747 (3)), does not apply to this case.

Although the validity of the agreement and defendant's construction of it is questionable, we need not determine these matters because even assuming, arguendo, that it is a valid agreement in DeKalb County and means what defendant says it does, we find that it is not enforceable in Fulton County.

There are no Georgia cases on this issue and we look to authorities from other jurisdictions. See generally, 21 AmJur2d 404, Criminal Law, §§ 221-222; 43 ALR3d 281, §§ 6-7.

In Stancel v. Schultz (Fla. App. D2), 226 S2d 456, under a statute limiting the duties and authority of a state's attorney to the judicial circuit in which he was duly elected and qualified, an agreement between a state's attorney and a defendant, against whom charges were pending in another county and which granted immunity from prosecution for any crimes the defendant had committed up to the date of the agreement in return for testimony before a legislative committee, was held not to preclude prosecution in the county in which charges were pending on the grounds of "extra territorial ineffectiveness."

The Georgia Constitution provides: "There shall be a district attorney for each judicial circuit . . . elected by the electors of the circuit wherein the district attorney is to serve . . ." Art. VI, Sec. XI (Code Ann. § 2-4001). "It shall be the duty of the district attorney to represent the State in all cases in the superior court of his circuit and in all cases taken up from the superior courts of his circuit to the Supreme Court, and Court of Appeals and to perform such other services as shall be required of him by law." Art. VI, Sec. XI (Code Ann. § 2-4002).

"Where the constitution creates an office and prescribes the duties of the holder thereof, and declares that other duties may be imposed upon him by statute, he has no authority to perform any act not legitimately within the scope of such statutory and constitutional provisions." *Walker v. Georgia R. &c. Co.,* 146 Ga. 655 (hn. 1) (92 SE 57). Accord, *Boykin v. Martocello,* 194 Ga. 867, 870 (22 SE2d 790).

Thus, we construe the Georgia Constitution as limiting the authority and duties of district attorneys to their judicial circuits, just as Stancel v. Schultz, 226 S2d, supra, found that Florida state's attorneys are so limited by statutory law.

Applying the rationale of Stancel v. Schultz to the instant case we find that the DeKalb prosecutor's agreement with defendant was not enforceable in Fulton County and, if it was enforceable at all, was enforceable only in the DeKalb district attorney's judicial circuit.

Accordingly, this enumeration has no merit.

2. There is no merit in the assertion that the admission of the evidence of the prior burglaries was error because they were not similar and were introduced only to show that the defendant was a bad man.

"The *only* separate crimes which are admissible are those that are either similarly *or* logically connected to the crime for which a defendant is being tried . . . Proof of crimes which *are* similar or *are* closely connected to the crimes charged *does* tend to establish the crime charged.

". . . If the defendant is proven to be the perpetrator of another [similar] crime and the facts of that crime are sufficiently similar . . . to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct." *State v. Johnson,* 246 Ga. 654 (1), 655 (272 SE2d 321).

Our examination of the evidence of the burglary being tried and the manner in which the prior burglaries were committed shows strong similarity and meet the standard of admissibility of *State v. Johnson.*

3. Defendant alleges that the state's closing argument deprived him of a fair trial because it was stated that defendant should be convicted based in part on his prior similar offenses, that jurors were asked to put themselves in the place of victim witnesses, and for erroneously stating that defendant had failed to subpoena a witness.

Since evidence of prior similar crimes was admitted and could be used to establish defendant's guilt as indicated in the foregoing division, there was no error in arguing that such evidence could be considered in establishing guilt. "Counsel is permitted, in the sound discretion of the [trial] court, to argue all reasonable inferences and deductions which may be drawn from the evidence . . ." *Haas v. State,* 146 Ga. App. 729 (2), 730 (247 SE2d 507).

The prosecutor did erroneously state that the defendant had failed to subpoena Wilson as a witness and upon objection by the defense was chastised by the court. The prosecutor then correctly told the jury that the defendant had in fact subpoenaed the witness and so had the state. Defendant did ask the court to instruct the jury but did not state in what way. The court, after initially refusing to instruct the jury, sua sponte instructed them not to draw any improper inference from anything counsel for either side might have said indicating they were trying to avoid bringing Wilson in as a witness. Defendant requested no further action by the court. We find no error under these circumstances. *Prophet v. State,* 158 Ga. App. 578 (1) (281 SE2d 321).

4. The remaining enumeration is that the trial court erroneously denied defendant's motion for a directed verdict of acquittal made on the ground that the only evidence connecting defendant with the offense was his fingerprint.

The state's evidence was that the victim contracted with Wilson, an insulation installer, to come to his house to put insulation in the attic. Wilson arrived on the appointed morning accompanied by his assistant, the defendant. After letting them in and showing them the way to the attic, the victim left telling Wilson and defendant to lock the front door when they left. Several hours later the victim returned, unlocked the front door and discovered that the house had been burglarized. A rear door was jimmied open and sterling silver and jewelry were missing. Some silver plateware was scattered around the dining room, one of which was a fluted bowl. Defendant's fingerprint was found on that bowl. Evidence of several prior burglaries committed by defendant also was introduced which showed that the entry had been in a similar fashion and sterling silver and jewelry taken.

Defendant testified that after he and Wilson had finished installing the insulation, he noticed an unusual fluted silver plated bowl in the china cabinet and took it out to show Wilson. Wilson admonished him to put it back in the cabinet, which he did. That was how his fingerprint got on the bowl. Wilson then locked the front door and took defendant home because he was not feeling well. Defendant remained at home until well after the burglary was discovered. His alibi testimony was corroborated by his mother for part of the time and his brother for another part. Wilson did not appear as a witness.

"To warrant a conviction based solely on fingerprint evidence, the fingerprints corresponding to those of the defendant must have been found in the place where the crime was committed, and under such circumstances that they could only have been impressed at the time the crime was committed. [Cits.] These cases require the state to prove to the exclusion of every other reasonable hypothesis that the fingerprints could only have been impressed at the time the crime was committed." *Barnett v. State,* 153 Ga. App. 430 (1), 431 (265 SE2d 348).

"In making a determination of whether any other reasonable hypothesis exists, the defendant's explanation must be taken into consideration insofar as it is consistent with the circumstantial evidence properly admitted. [Cits.]" Id. at 432.

Defendant contends that because of his testimony of how the fingerprint got on the bowl, the state had not met its burden of establishing that the only reasonable hypothesis was that it was put

there during the burglary. However, defendant's testimony is not consistent with the state's circumstantial evidence because the bowl with the fingerprint was found outside the cabinet in which defendant said he put it. Thus the state's evidence gives rise to another reasonable hypothesis: that defendant placed it there during the commission of the burglary.

Therefore, there was a conflict in the evidence with one reasonable hypothesis indicating guilt and the other innocence, the latter resting solely on the credibility of the defendant. The evidence did not demand a verdict of acquittal and the trial court did not err in refusing to direct a verdict for defendant. Code Ann. § 27-1802 (Ga. L. 1971, pp. 460, 461).

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 2, 1982 —
REHEARING DENIED NOVEMBER 29, 1982 — 

*Herbert Shafer,* for appellant.
*Lewis R. Slaton, District Attorney, R. Michael Whaley, Assistant District Attorney,* for appellee.