### 42909, 42910. WIGGINS v. LEMLEY et al.
(345 SE2d 584)

SMITH, Justice.

Appellant James Wiggins, District Attorney Pro Tem of the Houston Judicial Circuit, sought to intervene in appellee Melvin Lemley's action for habeas corpus in order to request the habeas court to set aside its order granting Lemley's petition for habeas corpus. Lemley's co-appellee, Attorney General Bowers, filed no appeal from the habeas court's order and, along with Lemley, opposed Wiggins' motion to intervene and his motion to set aside the habeas court's original ruling. Wiggins appeals the habeas court's denial of his motion to intervene. We affirm.

A Houston County jury convicted Lemley for the murder of a police officer. We affirmed the conviction in *Lemley v. State,* 245 Ga. 350 (264 SE2d 881) (1980). There, we denied Lemley's claim that "'[t]he trial court erred in failing to restrict the number of law enforcement officers in the courtroom at the time of the court's recharge

to the jury over the defendant's objection that their presence was a direct form of intimidation of the jury." Id. at 353.

On December 29, 1982, Lemley filed a petition for habeas corpus that alleged, among other things, that the transcript for the original trial did not sufficiently document the intimidating circumstances at the recharge, and that the Supreme Court "could not adequately and justifiably decide" the issue of the trial court's actions in light of the intimidation. On August 4, 1983, Lemley had a subpoena served upon an employee of the Georgia Crime Information Center seeking teletype communication from the Houston County Sheriff's Department to other law enforcement agencies on the night before the recharge to the jury in the Lemley trial. The habeas court, in an in camera inspection of documents produced pursuant to the subpoena, discovered a request sent out by the Houston County Sheriff to law enforcement agencies surrounding Houston County for officers to "please be in full uniform at the court house in Perry at 9:00 A.M. 3-30-79 . . . . Dep. Tanner gave his life in the line of duty and we feel this request is not [too] great to ask."

The habeas court considered this message to constitute newly discovered evidence.[1] The court ruled that this evidence established an intentional denial, on behalf of the Sheriff, of Lemley's right to an impartial jury. The court accordingly granted Lemley's petition for habeas corpus.

Appellee Bowers, representing Lansome Newsome, the warden of Reidsville Prison, chose to not appeal the habeas court's ruling. When the original trial court learned of the habeas court's ruling and Bowers' decision to not appeal, it appointed Wiggins as District Attorney Pro Tem to retry Lemley, since Lemley's attorney at the original trial had since become the District Attorney for the Houston Judicial Circuit. When Wiggins, instead, attempted to intervene as representative of the State in the habeas action to have the habeas court's ruling set aside, Bowers and Lemley opposed his motion.

The trial court found Wiggins unauthorized to intervene in the case as the state's representative. We granted Wiggins' application for an appeal to consider his authority to intervene on the state's behalf and the propriety of his intervention in this case if the authority is

---

[1] The District Attorney Pro Tem notes that the assistant district attorney who participated at Lemley's original trial filed an affidavit, accompanying the motion to set aside and to intervene, which stated that the trial court and the opposing attorneys met in the court's chambers before the recharge to discuss the presence of the police officers. At that time, according to the affiant, all parties were aware that the sheriff had summoned the many officers. The appellant contends, first, that this constitutes grounds for an appeal since the evidence that the habeas court relied upon would not constitute new evidence, and secondly, that the failure by the attorney general to locate such a witness to oppose Lemley's claim establishes the attorney general's insufficient representation of the state's interest.

found.

1. The threshold issue in this case concerns a district attorney's authority to assert the state's interest in his official capacity in a habeas action originating outside of his own judicial circuit.

While OCGA § 15-18-6 and Art. VI, Sec. VIII, Par. I of the 1983 Constitution of Georgia set out the district attorney's duties, no extant statute or constitutional provision purports to deal with the scope of a district attorney's authority. In *Boykin v. Martocello*, 194 Ga. 867 (22 SE2d 790) (1942), however, this court found OCGA § 15-18-6 (5) to preclude a district attorney (then known as a solicitor-general) from asserting the interest of the state in a civil action where the legislature had provided for another party to assert that interest. We find *Boykin* well-reasoned and applicable.

Boykin, the solicitor-general for the Atlanta Judicial Circuit, filed a petition to have a certain divorce set aside as a fraud upon the court. The trial court ruled that the solicitor-general lacked the authority to bring such a suit. This court affirmed.

The solicitor-general cited OCGA § 15-18-6 (5) as a source of authority for his attempt to set the divorce aside. Subsection (5) creates the duty on behalf of a district attorney to "prosecute or defend any civil action in the prosecution of which the state is interested, unless specifically otherwise provided for." The court first noted that the state "has an interest in all divorce cases." *Boykin*, supra at 868. The court then pointed out the fact that the legislature had specifically otherwise provided for representation of the state's interest in divorce actions by directing the trial judge to ensure by his own inquiry that the grounds for divorce were sustained by proof, or to appoint the solicitor-general or another attorney to make such a determination. The court then held that the specific provision actually precluded the solicitor-general from asserting the state's interest in the case under his own initiative.

In this case, the district attorney also claims the authority to assert the state's interest by injecting himself into a non-criminal action.[2] The state certainly has an interest in a habeas action equal to its interest in a divorce action.[3] The legislature, in OCGA § 9-14-45, has chosen a party other than the district attorney of the circuit in

---

[2] We speak, of course, of habeas proceedings involving prisoners sentenced in state courts of record. See OCGA § 9-14-40 et seq. Though a petition for habeas corpus may not technically initiate a civil or criminal suit, see *Simmons v. Ga. Iron &c. Co.*, 117 Ga. 305 (43 SE 780) (1903), a habeas action is considered a special statutory proceeding. *Johnson v. Caldwell*, 229 Ga. 548 (192 SE2d 900) (1972). OCGA § 15-18-6 (5) applies to special statutory proceedings. *State Highway Dept. v. Smith*, 120 Ga. App. 529 (171 SE2d 575) (1969).

[3] Though the warden is the proper respondent, the petitioner was indicted and convicted by "the state," and "the state" would be responsible for retrial in the event of a successful petition.

which the petitioner was convicted to protect that interest. While the trial judge possessed the desired authority in *Boykin*, here, the legislature has appointed the attorney general to defend the state's interest where the prisoner is in the custody of the Department of Corrections (the DOC). Where the prisoner is held under some authority other than the DOC, the district attorney of the circuit in which the petitioner is being detained, not the circuit where he was convicted, must defend the state's interest. OCGA § 9-14-45.

The function of defending the state's interest has thus been "specifically otherwise provided for" here, as in *Boykin*, as far as appellant Wiggins is concerned. While the attorney general or the district attorney of the circuit in which the petitioner is detained, where appropriate, may request the aid of the district attorney from the convicting circuit in a habeas action, *Floyd v. State*, 182 Ga. 549 (186 SE 556) (1936), the district attorney of the convicting circuit is otherwise precluded from entering into habeas proceedings under his own initiative.[4] The trial court, thus, correctly dismissed Wiggins' petition.

2. Since the district attorney of the convicting circuit lacks the authority, here, to defend the state's interest in his official capacity, we do not reach the relationship between OCGA §§ 9-11-24; 9-11-81, and habeas corpus procedure.

*Judgment affirmed. All the Justices concur, except Marshall, C. J., who dissents and Hunt, J., disqualified.*

DECIDED JULY 15, 1986.

*James L. Wiggins, District Attorney*, pro se.
*Wayne E. Ingram, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General*, for appellees.
*Arthur K. Bolton*, amicus curiae.

---

[4] Unless, of course, his circuit is also the circuit in which the petitioner is being held by someone other than the DOC. For a similar case from another jurisdiction, see *State v. Farrell*, 151 P2d 636 (Or. 1944).