S93A0301. HALL v. MADISON et al.
(428 SE2d 345)

HUNSTEIN, Justice.

This appeal is before us on the denial of the appellant's request for a writ of mandamus. The appellant, Hall, was convicted, inter alia, for the murder of his son and sentenced to death. At his trial he raised a claim under *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986) based on alleged racial discrimination in the composition of the jury. His conviction was affirmed by this Court. *Hall v. State*, 261 Ga. 778 (415 SE2d 158) (1991). Hall subsequently filed a request under the Public Records Act (OCGA § 50-18-70 et seq.) for the district attorney's files relating to his prosecution. The district attorney produced his investigatory file, but did not release the voir dire notes requested by Hall. Thereupon Hall filed a writ of mandamus in Barrow County Superior Court seeking an order to compel

production of the voir dire notes on the ground that the prosecution's mental impressions would buttress the *Batson* claim which he intended to assert in a habeas proceeding. The trial court denied Hall's request without findings or conclusions.

We affirm the trial court's denial of the writ of mandamus. Attorney work product falls within an exception to the Public Records Act. OCGA § 50-18-72 (e) (2). Hall has argued that we should observe federal precedent which allows for the discovery of trial preparation material where certain threshold requirements are met by the requesting party. See *Handgards, Inc. v. Johnson & Johnson*, 413 FSupp. 926 (N.D. Cal. 1976). However, Hall's petition for the writ of mandamus pursuant to his Public Records Act request is premature. The law is well settled that mandamus relief is available only if the petitioner has a clear legal right to the relief sought and that there is no other adequate legal remedy. *Hatcher v. Hancock County Commrs.*, 239 Ga. 229 (3) (236 SE2d 577) (1977). Hall retains the right, available to any civil litigant, to seek the discovery of the voir dire notes in his habeas proceeding. Therein the trial court is at liberty to examine the requested material in camera and to determine whether disclosure is warranted. See *Wiggins v. Lemley*, 256 Ga. 152 (345 SE2d 584) (1986). Our ruling here is not in conflict with *Napper v. Ga. Television Co.*, 257 Ga. 156 (1) (c) (356 SE2d 640) (1987), for in that case the party seeking production of the prosecution's investigatory files was not the defendant and therefore did not have a habeas proceeding available to it as a preliminary avenue for discovery.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 19, 1993.

Wilmer, Cutler & Pickering, William J. Wilkins, Kenneth P. Stern, Stephen A. Sacks, for appellant.

Michael J. Bowers, Attorney General, Harrison W. Kohler, Senior Assistant Attorney General, for appellees.