A99A2202. MILLAR v. FAYETTE COUNTY SHERIFF'S
DEPARTMENT et al.

(527 SE2d 270)

BLACKBURN, Presiding Judge.

In this action based on Georgia's Open Records Act, OCGA § 50-18-70 et seq., Bruce R. Millar appeals the trial court's denial of his request for an injunction against the Fayette County Sheriff's Department and Fayette County which would require them to turn over certain public records to him. Because the record shows that (1) the defendants have previously offered to give Millar the records, thereby mooting his claim, and (2) Millar's motion for equitable relief was premature, we affirm the trial court.

1. The record shows that Millar is an attorney who represents Ricky Charles Ward in a civil rights case against the Fayette County Sheriff's Department and Fayette County regarding Ward's allegedly inappropriate arrest. Shortly after this case was filed in federal court and prior to discovery therein, Millar wrote directly to the defendants without contacting their attorney and requested numerous documents, including documents directly relating to Ward's federal action. Although the defendants agree that the requested documents are public records, they initially refused to produce them on the basis that Millar could request them through discovery in his federal case. Millar then filed a complaint against the defendants, asking the court to force production of the documents pursuant to an injunction.

When the defendants received notice of Millar's complaint against them, they offered to turn over documents he had requested which "[they] were allowed to turn over under the Open Records Act." Millar then indicated that he would accept this offer and drop his suit only if the defendants agreed that it "didn't violate the attorney/client privilege to contact [the defendants directly without consulting their attorneys]." The defendants refused to make this concession.

As an initial matter, we find no merit in Millar's appeal because the record indicates that the defendants have agreed to provide him with the records that he has requested. Even if the Open Records Act required disclosure in this case, Millar can ask for nothing more than the records themselves, and the defendants would not be required to make any ancillary promises to him of any nature. Therefore, at the outset, Millar should have accepted the defendants' offer to produce the requested records rather than attempting to use his lawsuit as leverage to secure a promise from the defendants not to pursue any ethical claims against him.

We exercise our discretion and address whether Millar was entitled to have his Open Records Act request honored notwithstanding discovery rights in connection with pending litigation.

The rights of an individual under the Open Records Act and the

rights of a litigant under discovery statutes are separate and distinct, and nothing in this opinion should be read to require any conflation of the two. Any citizen of this State retains a right to the public records he has requested under the Open Records Act. Citizens also have certain rights to pursue discovery in both criminal and civil actions.

Though not directly on point, *Hall v. Madison*, 263 Ga. 73 (428 SE2d 345) (1993) provides guidance in this situation. The appellant, Hall, was convicted of murder, and this Court affirmed the conviction after rejecting a claim based on *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). Thereafter, Hall filed an Open Records Act request for the district attorney's prosecution files relating to his case. When the district attorney produced all of the file except his voir dire notes, Hall sought a writ of mandamus to force production of the notes, contending that the information therein would buttress further pursuit of his *Batson* claim. The Supreme Court denied Hall's writ, holding:

> Hall's petition for the writ of mandamus pursuant to his Public Records Act request is premature. The law is well settled that mandamus relief is available only if the petitioner has a clear legal right to the relief sought and that there is no other adequate legal remedy. . . . Hall retains the right, available to any civil litigant, to seek the discovery of the voir dire notes in his habeas proceeding. Therein the trial court is at liberty to examine the requested material in camera and to determine whether disclosure is warranted.

(Citation omitted.) *Hall*, supra at 74. *Hall* does not negate the above-described statutory rights. Rather it concluded that under the facts of that case, Hall was not entitled to equitable relief to enforce his statutory right under the Open Records Act. Applying the *Hall* rationale to this case, Millar would likewise not be entitled to equitable relief at this time.

Millar's request for an injunction to force compliance with the Open Records Act was premature because, at the time the request was made, he retained an adequate legal remedy, namely the right to seek the defendants' records through discovery procedures in his federal action under the rationale of *Hall*. Where an adequate remedy at law remains, an equitable remedy is appropriately denied. OCGA § 23-1-4. Therefore, based on analogous Supreme Court precedent, we are constrained to find that the trial court appropriately denied Millar's request for an injunction.

2. Millar also contends that the trial court erred by finding that he violated Standard 47 of the Rules of the State Bar of Georgia by

directly contacting the defendants in Ward's lawsuit without notifying their attorney. However, the order issued by the trial court makes no such conclusion, although it does describe the manner in which the communication took place. Moreover, this Court does not have the jurisdiction to determine matters of attorney discipline. "The Supreme Court of Georgia is endowed with the inherent and exclusive authority to govern the practice of law in Georgia." *Wallace v. State Bar of Ga.*, 268 Ga. 166, 167 (1) (486 SE2d 165) (1997).

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED DECEMBER 20, 1999.

*Lee Sexton, John S. Mixon, Jr.*, for appellant.
*McNally, Fox & Cameron, Philip P. Grant, Thomas, Means, Gillis, Devlin, Robinson & Seay, Marvin A. Devlin, Jennifer D. Odom*, for appellees.