# Court of Appeals
# of the State of Georgia

ATLANTA, June 18, 2021

*The Court of Appeals hereby passes the following order:*

## A21A0287. ALBERT E. LOVE et al. v. ATLANTA FALCONS STADIUM CO., LLC.

On October 18, 2017, Albert E. Love and others (the "plaintiffs") sent Atlanta Falcons Stadium Company, LLC ("StadCo") a request for documents pursuant to the Georgia Open Records Act (the "Act"), OCGA § 50-18-70 et seq. Specifically, the plaintiffs sought documents that StadCo executed in connection with the construction and financing of Mercedes-Benz Stadium. The next day, StadCo responded, and refused to turn over the requested documents on the ground that it was not subject to the Act. The plaintiffs filed suit, asserting that StadCo, a private entity, was subject to the Act as a result of its contract with the Georgia World Congress Center Authority ("GWCCA"), an "agency" as that term is defined under the Act. See OCGA §§ 50-14-1 (a) and 50-18-70 (b) (1). Under the terms of the contract, StadCo obligated itself to perform certain functions on behalf of GWCCA in the construction, maintenance, and operation of the stadium. In their complaint, the plaintiffs alleged that StadCo failed to comply with its obligations under the Act and was therefore liable for attorney fees under OCGA §§ 50-18-73 (b) and 13-6-11.

While the litigation was pending, StadCo turned over approximately 1,500 pages of documents it claimed were responsive to the plaintiffs' request, though some of the documents were redacted. According to StadCo, the redactions were necessary to protect the trade secrets of its third-party lender. The trial court granted summary judgment in favor of StadCo, ruling that it was not subject to the Act, and thus not required to turn over the requested documents. The court also determined an issue of fact remained as to whether the redacted information constituted a trade secret, but

it did not need to decide that issue based on the grant of summary judgment, and it dismissed the plaintiffs' claims for attorney fees and litigation expenses. The instant appeal followed. During the pendency of the appeal, StadCo turned over all of the documents, in unredacted form, that the plaintiffs had requested. As a result, StadCo now argues that the plaintiffs' appeal is moot.

"This Court has a duty to inquire into its jurisdiction to entertain each appeal," *City of Dublin School Dist. v. MMT Holdings, LLC*, 351 Ga. App. 112, 114 (2) (830 SE2d 487) (2019) (citation and punctuation omitted), and "mootness is an issue of jurisdiction and thus must be determined before a court addresses the merits of a claim." *Shelley v. Town of Tyrone*, 302 Ga. 297, 308 (3) (806 SE2d 535) (2017). See *Scarborough Group v. Worley*, 290 Ga. 234, 236 (719 SE2d 430) (2011) ("We address first the issue of mootness because the dismissal of a moot appeal is mandatory."). "A case is moot when it seeks to determine an issue which, if resolved, cannot have any practical effect on the underlying controversy, or when such resolution will determine only abstract questions not arising upon existing facts or rights." *Barrow v. Raffensperger*, 308 Ga. 660, 667 (2) (b) (842 SE2d 884) (2020) (citation and punctuation omitted). Put another way, "a case is mooted when a plaintiff receives the relief it seeks, where the relief sought is no longer available, or where a decision on the underlying question cannot have any practical effect on the existing controversy." *Jester v. Red Alligator, LLC*, 344 Ga. App. 15, 19 (1) (806 SE2d 920) (2017) (citation and punctuation omitted).

StadCo argues that its disclosure of all documents responsive to the plaintiffs' open records request has mooted the instant appeal. Indeed, this Court previously has held that an entity's offer to turn over documents under the Act moots the issues raised in the trial court. See *Wallace v. Green County*, 274 Ga. App. 776, 781 (2) (618 SE2d 642) (2005) (finding former county employee's claim seeking injunctive relief under the Act mooted by county manager's mailing employee's counsel documents shortly after employee filed his lawsuit); *Millar v. Fayette County Sheriff's Dept.*, 241 Ga. App. 659, 659 (1) (527 SE2d 270) (1999) (holding plaintiff's claim for injunctive relief moot because he could ask for nothing more than records themselves, which

defendant had agreed to produce).

Importantly, in the plaintiffs' complaint, in addition to their claim that StadCo violated the Act, the plaintiffs sought attorney fees and expenses under OCGA §§ 50-18-73 (b) and 13-6-11. The trial court granted summary judgment to StadCo on the fees issue, but the plaintiffs did not specifically enumerate this portion of the trial court's ruling as error, or provide argument to that effect in their brief on appeal, resulting in the abandonment of those claims in this Court. See Court of Appeals Rule 25 (c) (2) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned."). Because the plaintiffs failed to preserve the issue of their entitlement to attorney fees under the Act, the *only* issues for resolution by this Court are (1) whether StadCo is subject to the Act, and (2) the ancillary question of whether the redacted information constitutes a trade secret.[1] Therefore, the only relief to which the plaintiffs would be entitled is the "inspection and copying of the requested documents" if they prevailed on appeal. Consequently, because the plaintiffs have received the requested documents, there is no longer a live controversy between the parties.

Turning now to the remaining dispute between the parties, the plaintiffs counter, in pertinent part, that the appeal is not moot because the issue of whether StadCo is subject to the Act is one that is capable of repetition yet evades review. *Brown v. Spann*, 271 Ga. 495, 496 (520 SE2d 909) (1999). Although the plaintiffs' entitlement to specific documents from StadCo ceased to be a live controversy when StadCo turned over the documents, the underlying issues raised by the suit were StadCo's obligations under the Act based on its contractual relationship with GWCCA. However, if that underlying issue were to recur, it would not necessarily evade review. The expectation that StadCo would turn over documents after the filing

---

[1] In its response to StadCo's motion to dismiss, the plaintiffs contend that, by disclosing the requested documents, StadCo "has implicitly abandoned its claims that it is not subject to [the Act] and that the sought-after unredacted documents are trade secrets." Because we are dismissing this appeal as moot, we express no opinion on this contention.

of a suit, *and* the possibility that the individual requesting documents would abandon his attorney fee claim under the Act (OCGA § 50-18-73 (b)), "is too speculative to rescue the [statutory] issue from mootness . . . . Thus, under this State's existing law, there is nothing about this case that prevents it from being moot." *Collins v. Lombard Corp.*, 270 Ga. 120, 122 (2) (508 SE2d 653) (1998) (deeming taxpayer's challenge to constitutionality of intangible personal property tax moot when unrelated third party paid assessment; case was not one capable of repetition yet evading review because expectation that third party would pay taxes in another suit was too speculative; and underlying issue could be raised in suit for refund, which would not be susceptible to third-party involvement).

In sum, because the issue of attorney fees is not before this Court on appeal, and the only issue presented — the plaintiffs' entitlement to the requested documents — is no longer an active controversy and is not likely to recur, this appeal is DISMISSED as moot.



*Court of Appeals of the State of Georgia*

   *Clerk's Office, Atlanta,*__06/18/2021_____

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*