**FOURTH DIVISION**
**RICKMAN, C. J.,**
**DILLARD, P. J., and PIPKIN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

June 15, 2023

# In the Court of Appeals of Georgia

A23A0511. CITY OF TUCKER v. CITY OF CLARKSTON et al.

PIPKIN, Judge.

This appeal arises from an annexation dispute between the City of Tucker and the City of Clarkston. Appellant City of Tucker brought a petition for declaratory judgment and injunctive relief against Appellees the City of Clarkston, the Housing Authority of DeKalb County ("HADC"), Peachtree Creek on Ponce Apartments, LLC ("PCPA"), and DeKalb County, alleging that Appellees had illegally annexed incorporated property in violation of OCGA § 36-36-21. Appellant requested that the trial court declare the annexation null and void and, also, moved for injunctive relief to prohibit Appellees from rezoning and developing the property. Appellees filed a motion to dismiss arguing, among other things, that the case was moot. The trial court

granted Appellees' motion to dismiss, and the City of Tucker appeals. For the reasons discussed below, we affirm.

1. In reviewing a trial court's ruling on a defendant's motion to dismiss we "review de novo the trial court's ruling . . . accepting as true all well-pled material allegations in the complaint and resolving any doubts in favor of the plaintiff." (Citation and punctuation omitted.) *Love v. Fulton County Board of Tax Assessors*, 311 Ga. 682, 684 (859 SE2d 33) (2021). So viewed, the record shows that, on November 8, 2018, Clarkston annexed a 14-acre parcel of land pursuant to the "100 percent" method of OCGA § 36-36-21.[1] The property runs north to south, and the top portion of the land is bisected by Peachtree Creek. Also on November 8, 2018, Clarkston adopted an ordinance to rezone the property to allow for residential housing. Later, in July 2020, HADC obtained full ownership interest in the 14-acre parcel and entered into a ground lease agreement with PCPA for the development of a low income housing complex. Thereafter, PCPA began developing the property.

---

[1] OCGA § 36-36-21 authorizes "the governing bodies of the several municipal corporations of this state to annex to the existing corporate limits thereof unincorporated areas contiguous to the existing corporate limits at the time of such annexation, . . . upon the written and signed applications of all of the owners of all of the land[.]"

Four months later, on November 24, 2020, Appellant filed an action against Appellees seeking declaratory and injunctive relief from the 2018 annexation and subsequent rezoning of the 14-acre parcel. Appellant also filed a motion for an interlocutory injunction to prevent any further development of the property. Appellant twice amended its complaint to specify that, of the 14-acre parcel, Clarkston illegally annexed 4 acres of land to the north of Peachtree Creek that was already incorporated into Tucker's city limits.[2] This, Appellant alleged, required the annexation of the *entire* 14-acre parcel to be declared null and void. Appellees answered the complaint and filed a motion to dismiss for failure to state a claim, lack of standing, and for lack of any justiciable issue. With regard to the latter argument, Appellees asserted that "the sliver of land in dispute is not taxable or in any way involved in the development" being built by PCPA.

At the motions hearing, Appellees informed the trial court that they planned to "take all necessary steps" to relinquish any claim to the contested 4 acres of land,

---

[2] As noted by the trial court, Appellant used a few different maps to attempt to establish its boundaries at the time of the 2018 annexation, leaving some question as to exactly which portion of the 14-acre parcel Clarkston improperly annexed. Still, Appellant has never alleged that PCPA has built on or developed *any* of the contested land. Instead, Appellees assert, and Appellant does not contest, that all development has occurred on the portion of the land to the south of Peachtree Creek.

3

rendering the case moot. Thereafter, HADC petitioned Clarkston and DeKalb County to divide the 14-acre parcel into two tracts - a 4.353 acre lot to the north of Peachtree Creek and a 9.385 acre lot to the south of Peachtree Creek - which was approved. Then, at HADC's request and with the consent of DeKalb County, Clarkston passed an ordinance pursuant to OCGA § 36-36-22 de-annexing the parcel of land to the north of Peachtree Creek. Finally, HADC delivered a letter to Appellant requesting that the 4-acre parcel to the north of Peachtree Creek be annexed into the City of Tucker via the "100 percent" method of OCGA § 36-36-21.

After executing all of these steps, Appellees amended their motion to dismiss to include a claim of mootness. Appellant responded, arguing that Appellees' attempt to cure the illegal annexation could not stand. Namely, Appellant argued that the annexation of the 14-acre tract was void from the start, and that the 4 acres to the north of Peachtree Creek were never properly incorporated into the City of Clarkston. Appellant asserted that, because the original annexation was always void, then the de-

4

annexation was also a legal nullity.[3] After a hearing, the trial court granted Appellees'

motion to dismiss, concluding that: (1) Appellant did not have a legally cognizable

injury or concrete interest in the property; (2) Appellant's injunctive relief was barred

by laches; (3) Appellees had cured the property dispute and mooted the case, leaving

the action without a live controversy; and that (4) based upon Appellant's delay in

asserting its property rights, and the millions of dollars expended to develop the land,

the doctrine of *argumentum ab inconvenienti*[4] barred Appellant from challenging the

annexation.

2. Appellant claims that the trial court erred by dismissing the complaint as

---

[3]Appellant also filed a motion for partial summary judgment, which the trial court denied. Appellant does not challenge that ruling on appeal. Although the parties' briefs include some of the facts that were presented at the summary judgment stage, including arguments over whether the disputed property was inhabitable or taxable land, we do not consider these facts when reviewing the trial court's ruling on the motion to dismiss.

[4] The Georgia Supreme Court has previously explained that this Latin phrase "calls for the taking into consideration of the inconvenience which the proposed construction of the law would create." *Plantation Pipe Line Co. v. City of Bremen*, 227 Ga. 1, 11 (178 SE2d 868) (1970) (Almand, C.J., concurring specially). We cite this case law solely for the purpose of providing context to the trial court's ruling.

moot.[5] We disagree. "A case is moot when its resolution would amount to the determination of an abstract question not arising upon existing facts or rights." (Citation, punctuation, and emphasis omitted.) *Scarbrough Group v. Worley*, 290 Ga. 234, 236 (719 SE2d 430) (2011). "Thus, a case is mooted where a plaintiff receives the relief it seeks, where the relief sought is no longer available, or where a decision on the underlying question cannot have any practical effect on the existing controversy." (Citation and punctuation omitted.) *Jester v. Red Alligator, LLC*, 344 Ga. App. 15, 19 (1) (806 SE2d 920) (2017). Here, Clarkston divided the 14-acre parcel into two parts and then de-annexed the contested portion of the property. Meanwhile, HDAC, the owner of the 4-acre parcel to the north of Peachtree Creek, delivered a written request to Appellant asking that the 4-acre parcel be annexed into the City of Tucker. In other words, there is no longer a live controversy between the parties because Appellees are no longer making any claim to the land north of

---

[5]Appellant also contends that the trial court erred in granting the motion to dismiss based upon the alternative holdings that Appellant did not have a legally cognizable injury or concrete interest in the property, that Appellant's injunctive relief was barred by laches, and that the doctrine of *argumentum ab inconvenienti* applied. We need not reach these issues, however, because we determine that the trial court properly dismissed the complaint for mootness.

Peachtree Creek.[6] Therefore, any decision from this Court on the question of the legality of the 2018 annexation cannot have any practical effect on the existing controversy. See id.

Still, Appellant argues that these actions are insufficient to moot the case because, they say, Appellees do not have the authority to de-annex land that they had previously illegally incorporated. Instead, Appellant argues that the 2018 annexation of the entire 14-acre parcel must be declared null and void in order for Appellant to obtain the relief it seeks - i.e., a return of the 4 acres of land to the status quo prior to the 2018 annexation. We are not persuaded for three reasons.

First, as explained by the Georgia Supreme Court, the General Assembly has codified "a liberal policy in the area of annexation by municipalities, seeking to leave such matters primarily under local control." *Higdon v. City of Senoia*, 273 Ga. 83, 86 (3) (538 SE2d 39) (2000). See also *City of Gainesville v. Hall County Board of Education*, 233 Ga. 77, 80 (209 SE2d 637) (1974) ("The General Assembly has made several methods available and has apparently sought to leave such matters primarily under local control. When this court has applied a strict interpretation of these

[6]Indeed, in Clarkston's brief in support of its motion to dismiss for mootness in the trial court, Clarkston affirmatively stated that it "has officially disclaimed jurisdiction over the parcel north of the creek."

7

methods, . . . the General Assembly has promptly amended the statutes to overcome such court enunciated limitations."). For example, OCGA § 36-36-39, the declaratory judgment statute under which Appellant seeks relief, specifically provides that a court "where possible, shall frame a judgment to perfect [a procedural defect or defect in the plan for service to annexed areas] and uphold the [annexation] ordinance." To declare the 2018 annexation of the entire 14-acre parcel null and void, five years after the ordinance was passed, and based upon a boundary dispute that no longer exists, would not only be the definition of an academic exercise, but it would also contravene Georgia law encouraging courts to uphold annexation ordinances where possible.

Second, Appellant provides no authority supporting its position that the improper annexation of a portion of a parcel of land voids the annexation of the entire property. Moreover, even if we were to apply a strict interpretation of OCGA § 36-36-21, and determine that the 2018 annexation ran afoul of the statute because Clarkston annexed 4 acres of already incorporated land, this would still only entitle Appellant to relief over the portion of the property that fell within its borders in 2018. Cf. *Cherokee County v. City of Holly Springs*, 284 Ga. 298, 300 (1) (667 SE2d 78)

8

(2008) (recognizing a county's interest in challenging the annexation of property located within its jurisdiction).

Lastly, and this bears repeating, Appellees have taken all necessary steps to return the 4 acres of land to the north of Peachtree Creek to Appellant; yet, Appellant refuses to accept it.[7] Once again, this Court cannot issue an advisory opinion over what has been rendered an abstract and academic question of law. Here, because Appellees are making no claim whatsoever to the 4-acre parcel of land to the north of Peachtree Creek, the resolution of Appellant's claims for declaratory and injunctive relief concerning that land "would amount to the determination of an abstract question not arising upon existing facts or rights." *Worley*, 290 Ga. at 236. See also *Richardson v. Phillips*, 302 Ga. App. 305 (1) (690 SE2d 918) (2010) (holding that claim for declaratory relief was moot); *Sexual Offender Registration Review Board v. Berzett*, 301 Ga. 391, 396 (801 SE2d 821) (2017) (holding that claim for injunctive relief was moot).

---

[7]Arguably, Appellant has an alternative remedy at law that would also preclude injunctive relief – to reincorporate the 4 acres of land back into its municipal boundary and return the zoning of that property to its 2018 status. See *Millar v. Fayette County Sheriff's Dept.*, 241 Ga. App. 659, 660 (1) (527 SE2d 270) (1999) ("Where an adequate remedy at law remains, an equitable remedy is appropriately denied."). See also OCGA § 23-1-4.

Based on the foregoing, "judicial resolution of [Appellant's] challenge to [the 2018 annexation] would amount to the determination of an abstract question that would give [it] no relief." (Citation and punctuation omitted.) *Sweet City Landfill, LLC v. Elbert County*, 347 Ga. App. 311, 316 (2) (818 SE2d 93) (2018). Accordingly, the trial court properly granted Appellees' motion to dismiss the complaint for mootness.

*Judgment affirmed. Rickman, C. J., and Dillard, P. J., concur.*