40693, 40694. PENSYL v. PEACH COUNTY et al.; and vice versa.

HILL, Chief Justice.

This is a suit for mandamus by an ad valorem taxpayer brought under the open records law. OCGA § 50-18-70 (Code Ann. § 40-2701). The taxpayer was appealing the 1983 tax assessment on his home. When certain tax information as to nearby residences was denied him by the taxing authorities, this suit was instituted.[1] The trial court

---

[1] The taxing authorities concede that the taxpayer is entitled to the records as to his own property.

granted relief to the taxpayer, but refused to grant his prayer for attorney fees. The Peach County commissioners, tax assessors and appraisers (Peach County) appeal the issuance of the mandamus in Case No. 40694 and the taxpayer, Jon Pensyl, appeals the denial of attorney fees in Case No. 40693. We affirm both appeals.

OCGA § 50-18-70 (Code Ann. § 40-2701) provides that "All state, county, and municipal records, except those which by order of a court of this state or by law are prohibited from being open to inspection by the general public, shall be open for a personal inspection of any citizen of this state at a reasonable time and place; and those in charge of such records shall not refuse this privilege to any citizen." In OCGA § 48-6-43 (Code Ann. § 91A-3125), the General Assembly specifically provided that "[t]he *intangible* personal property tax digest, returns, and related records shall be confidential and shall not be subject to inspection by any person. . . ." There is no similar provision for ad valorem tax digests, returns and related records. Moreover, income tax and other tax information filed with the State Revenue Commissioner is expressly made confidential. OCGA §§ 48-7-60, 48-2-15 (Code Ann. §§ 91A-3711, 91A-212). Therefore, real property ad valorem digest, returns and related records, not having been made confidential by law, are, prima facie, subject to the provisions of the open records law. This includes the data gathered by the public officials to compose the digest such as the property information cards (showing number of rooms, etc.) and the computer summary of this information, prepared and maintained by the taxing authorities and sought from Peach County by the taxpayer in this case. See *Houston v. Rutledge,* 237 Ga. 764, 765 (229 SE2d 624) (1976).

Peach County relies upon OCGA § 50-18-72 (Code Ann. § 40-2703) which provides that "This article shall not be applicable to records that are specifically required by the federal government to be kept confidential or to medical records and similar files, the disclosure of which would be an invasion of personal privacy. . . ." The County urges that disclosing the information cards on a taxpayer's residence to persons other than that taxpayer would constitute an invasion of personal privacy and could be used by door to door, mail and telephone sales solicitors, and even burglars. We do not find that tax information cards are similar to medical records or any record required by the federal government to be kept confidential. The General Assembly has seen fit to exempt intangible personal property and other tax records from the open records law but has not seen fit to exempt ad valorem property tax records. We are unwilling to extend the exemption to tax records which the General Assembly has not seen fit to exclude. The trial court did not err in granting relief

by mandamus and ordering that the records in issue be made available to the taxpayer.

The taxpayer sought attorney fees under an amendment to the open records law. OCGA § 50-18-73 (Code Ann. § 40-2704). He produced testimony to the effect that these records had previously been open to inspection by others, for example, real estate appraisers. The tax officials testified that due to the personal privacy concerns of homeowners, they changed their policy of making such records available shortly before this taxpayer requested them. The taxpayer responds that the policy change occurred when numerous taxpayers were challenging their 1983 tax assessments. This court is unable to resolve these conflicting claims. The trial court found that the defendants' refusal to deliver the requested information to the plaintiff was not wilful or an act of bad faith. Although the trial court would have been authorized to find to the contrary, this court is not so authorized under the facts and conflicting claims here. The trial court has discretion to award, or not to award, attorney fees under OCGA § 50-18-73 (Code Ann. § 40-2704). We do not find that the trial court abused its discretion in denying attorney fees in this case.

*Judgment affirmed in Case No. 40693. All the Justices concur, except Smith, J., who dissents. Judgment affirmed in Case No. 40694. All the Justices concur.*

DECIDED APRIL 17, 1984.

*Robert E. Lanyon,* for appellant.
*Culpepper & Liipfert, Sampson M. Culpepper,* for appellees.