S04A1513. TOBIN et al. v. COBB COUNTY BOARD OF EDUCATION et al.

(604 SE2d 161)

THOMPSON, Justice.

Thomas and Valerie Tobin filed a petition for mandamus in the Superior Court of Cobb County to compel defendants to permit the inspection and copying of records of the Pebblebrook High School Chorus Booster Club. A mandamus nisi issued, ordering defendants to appear and show cause why the petition should not be granted. At the ensuing hearing, defendants urged the court to dismiss the petition on the ground, inter alia, that petitioners have an adequate remedy at law, to wit: the Open Records Act, OCGA § 50-18-70 et seq. The court dismissed the petition and this appeal followed.

1. Relying upon OCGA § 9-6-27 (b), petitioners assert that, inasmuch as the court issued a mandamus nisi, it was bound to issue a mandamus absolute since defendants did not file an answer. This assertion is without merit. That defendants did not file an answer raising an issue of fact does not mean that petitioners were entitled to mandamus as a matter of law. See *Chappell v. Small*, 194 Ga. 143 (1) (20 SE2d 916) (1942) (judge can determine whether mandamus should issue when answer to mandamus nisi does not raise issue of fact); *Bridges v. Poole*, 176 Ga. 500, 505 (168 SE 577) (1933) (if mandamus case does not involve issue of fact it may be heard and determined by judge).

2. The Open Records Act encourages public access to government information. See generally *Athens Observer, Inc. v. Anderson*, 245 Ga. 63, 66 (263 SE2d 128) (1980). The Act provides legal and equitable remedies to ensure compliance with its provisions. OCGA § 50-18-73 (a). However, neither mandamus nor injunctive relief can be employed where the petitioner has an adequate legal remedy. *Hall v. Madison*, 263 Ga. 73 (428 SE2d 345) (1993). Thus, where, as here, the Open Records Act provides a remedy which is as complete and convenient as mandamus, the extraordinary remedy will not lie. Compare *North Fulton Medical Center v. Roach*, 265 Ga. 125 (2) (453 SE2d 463) (1995) (declaratory judgment action was not adequate legal remedy because it was unavailable at time mandamus relief was sought), with *Hall v. Madison*, supra (civil litigant cannot use mandamus to enforce Open Records Act because discovery provides alternative remedy). See also *Millar v. Fayette County Sheriff's Dept.*,

241 Ga. App. 659 (1) (527 SE2d 270) (1999) (no entitlement to injunction to enforce compliance with Open Records Act where there are discovery rights in connection with pending litigation in federal court).

*Howard v. Sumter Free Press*, 272 Ga. 521 (531 SE2d 698) (2000), upon which petitioners rely, does not stand for the proposition that mandamus lies to compel compliance with the Open Records Act. Although the petitioner in that case used mandamus to enforce the Act, the issue of an adequate legal remedy was not raised and ruled upon.

3. Because legal remedies are available to enforce the Open Records Act, it was not error to dismiss the petition for mandamus.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 12, 2004 —
RECONSIDERATION DENIED NOVEMBER 22, 2004.

*Tobin & Hoffspiegel, Valerie G. Tobin, Thomas W. Tobin*, pro se.
*Brock, Clay, Calhoun & Wilson, Danny G. Brock, C. Latain Kell, Kyle A. Pearson*, for appellees.