297 Ga. 318
FINAL COPY

S15A0103. EVANS v. GEORGIA BUREAU OF INVESTIGATION.

HINES, Presiding Justice.

Christopher A. Evans appeals from the order of the Superior Court of DeKalb County denying his petition for a writ of mandamus. For the reasons that follow, we affirm.

Evans served as Director of Operations for the Georgia Electronic Design Center at the Georgia Institute of Technology. On September 24, 2010, the Georgia Bureau of Investigation ("GBI") obtained two arrest warrants for Evans, based on allegations that he was part of a racketeering enterprise; arrest warrants were also obtained for two other persons as part of the same suspected racketeering activity. The investigation of the alleged racketeering enterprise, and all three of the persons suspected to be involved, treated the alleged activity as a single undertaking; one case number was assigned to the combined investigation of Evans and the other two individuals, and one investigatory file maintained. On January 19, 2012, the two arrest warrants against Evans were dismissed, and no indictment had been sought against him as of the time his

petition for a writ of mandamus was denied.

On July 23, 2013, Evans submitted a request to the GBI under the Open Records Act, OCGA § 50-18-70 et seq., for materials from its investigative file that pertained to him. The GBI declined to produce the materials, citing an exemption for pending investigations. See OCGA § 50-18-72 (a) (4).[1] Evans then sought a writ of mandamus to compel the GBI to produce these materials.

After a hearing, the trial court found that Evans was not entitled to the materials he seeks because the Open Records Act exempts from disclosure records of "law enforcement, prosecution, or regulatory agencies in any pending investigation. . . . [A]n investigation or prosecution shall no longer be deemed to be pending when all direct litigation involving such investigation and

---

[1] At the time of the trial court's order, OCGA § 50-18-72 (a) read in pertinent part:

(a) Public disclosure shall not be required for records that are:

. . .

(4) Records of law enforcement, prosecution, or regulatory agencies in any pending investigation or prosecution of criminal or unlawful activity, other than initial police arrest reports and initial incident reports; provided, however, that an investigation or prosecution shall no longer be deemed to be pending when all direct litigation involving such investigation and prosecution has become final or otherwise terminated; and provided, further, that this paragraph shall not apply to records in the possession of an agency that is the subject of the pending investigation or prosecution[.]

. . .

2

prosecution has become final or otherwise terminated." OCGA § 50-18-72 (a) (4). And, the trial court noted, while the warrants had been dismissed against Evans, the warrants against the other two individuals had not been dismissed and remained pending, thus disclosure was not mandated.

Evans notes that under the Open Records Act there is a presumption that public records are to be made available for public inspection, and that the statutory exceptions to that presumption are to be interpreted narrowly. See OCGA § 50-18-70 (a).[2] However, "[a]though exemptions from disclosure under

[2] OCGA § 50-18-70 reads:
(a) The General Assembly finds and declares that the strong public policy of this state is in favor of open government; that open government is essential to a free, open, and democratic society; and that public access to public records should be encouraged to foster confidence in government and so that the public can evaluate the expenditure of public funds and the efficient and proper functioning of its institutions. The General Assembly further finds and declares that there is a strong presumption that public records should be made available for public inspection without delay. This article shall be broadly construed to allow the inspection of governmental records. The exceptions set forth in this article, together with any other exception located elsewhere in the Code, shall be interpreted narrowly to exclude only those portions of records addressed by such exception.
(b) As used in this article, the term:
(1) "Agency" shall have the same meaning as in Code Section 50-14-1 and shall additionally include any association, corporation, or other similar organization that has a membership or ownership body composed primarily of counties, municipal corporations, or school districts of this state, their officers, or any combination thereof and derives more than 33 1/3 percent of its general operating budget from payments from such political subdivisions.
(2) "Public record" means all documents, papers, letters, maps, books, tapes, photographs, computer based or generated information, data, data fields, or similar material prepared and maintained or received by an agency or by a private person or entity in the performance of a service or function for or on behalf of an agency or

3

the Open Records Act are narrowly construed, the Act obviously should not be construed in derogation of its express terms." *Unified Govt. Of Athens-Clarke County v. Athens Newspapers, LLC*, 284 Ga. 192, 195 (1) (633 SE2d 248) (2008) (Citation and punctuation omitted.) Again, the Act contains an express exemption from disclosure for "[r]ecords of law enforcement, prosecution, or regulatory agencies in any pending investigation or prosecution of criminal or unlawful activity . . . ." OCGA § 50-18-72 (a) (4). And, it is uncontroverted that the GBI is a law enforcement agency within the meaning of OCGA § 50-18-72 (a).

Evans argues that in order for the GBI to assert the "pending investigation" exemption, it must meet the burden to show that at least one of the three persons whose alleged activity is addressed in the file is faced with a prosecution that "is imminent and of a finite duration." *Parker v. Lee*, 259 Ga. 195, 198 (5) (378 SE2d 677) (1989). However, *Parker*, and the principle upon which Evans relies, concerns OCGA § 50-18-72 (a) (4)'s "pending prosecution" exemption, not the "pending investigation" exemption, a distinction this Court

when such documents have been transferred to a private person or entity by an agency for storage or future governmental use.

4

made clear in *Unified Govt.*, supra. And, in clarifying that distinction, this Court stated that in applying the "pending investigation" exemption, it was not possible to "simply adopt[ ] the judicial definition of the 'pending prosecution' exemption in *Parker*." Id. Rather, under the "pending investigation" exemption,

> a seemingly inactive investigation which has not yet resulted in a prosecution logically "remains undecided," and is therefore "pending," until it "is concluded and the file closed." Only at that point has an investigation, in the absence of any prosecution, reached a decision with a high level of finality, even though it could possibly be reopened thereafter.

Id. at 196.

And, there is no evidence that the racketeering investigation is concluded or that the file from which Evans requested information can be considered closed. Even assuming that the dismissal of the racketeering arrest warrants against Evans establishes that *he* is not the subject of a pending investigation, the evidence presented in the trial court was that the two other individuals arrested at the same time as Evans are suspected of being engaged in a racketeering scheme with him, and those investigations are still ongoing. Although Evans contends that the records that prompted his arrest can be

5

separated from those of the other two individuals alleged to be involved in racketeering, and that any evidence about them can be redacted from the records supplied to him, such was not the evidence presented in the trial court, and

> [t]he focus of subsection (a) (4) . . . is not upon the specific type of information contained in law enforcement and prosecution records. That subsection broadly exempts from disclosure the *entirety* of such records to the extent they are part of a "pending investigation or prosecution" and cannot otherwise be characterized as the initial arrest . . . or incident report. [Cit.]

Id. at 195 (Emphasis supplied.)   The trial court did not err in concluding that, under the circumstances presented, the pending investigation exemption of OCGA § 50-18-72 (a) (4) removed from mandatory disclosure the materials that Evans requested.[3]

Judgment affirmed.  All the Justices concur.

---

[3] The GBI asserts that the pending investigation exemption does not act in this case so as to create a bar to the disclosure of the requested records that is of indefinite duration.  Rather, it contends that the five-year statute of limitation for prosecution of racketeering charges, see OCGA § 16-14-8, would serve as the outside limit of the period of time that the investigation could be considered pending.  However, no such issue is before us; the trial court's ruling was procured less than five years after the last act of racketeering alleged in the arrest warrants that appear in the record.

Decided June 15, 2015.

Mandamus. DeKalb Superior Court. Before Judge Harvey, pro hac vice.

Harrison W. Kohler, for appellant.

Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Joseph J. Drolet, Senior Assistant Attorney General, Rebecca J. Dobras, Assistant Attorney General, for appellee.