300 Ga. 884
FINAL COPY

S17A0065.  BLALOCK v. CARTWRIGHT.

GRANT, Justice.

Oscar Blalock sought access to records held by the City of Lovejoy under the Georgia Open Records Act, OCGA § 50-18-70 et seq. ("the Act").  After failing to receive those records, or any response from the City, Blalock filed a mandamus action seeking to compel compliance with the Act.  The trial court dismissed Blalock's petition, finding that mandamus was unavailable because the Act's civil penalties provision affords Blalock a remedy "as complete and convenient as mandamus." *Tobin v. Cobb County Bd. of Ed.*, 278 Ga. 663, 663 (2) (604 SE2d 161) (2004).  Although we do not agree with the trial court's conclusion regarding the remedial adequacy of civil penalties, that does not save Blalock's claim.  Because the Act provides its own cause of action for enforcement in OCGA § 50-18-73 (a), that provision is plainly a "complete and convenient" alternative to mandamus.  Accordingly, we affirm.

I.

On September 10, 2015, Blalock sent an open records request via certified mail to Bobby Cartwright, the Mayor of the City of Lovejoy, who signed the return receipt on September 15, 2015. On October 9, 2015, well after the City's three-day deadline for responding to the request, see OCGA § 50-18-71 (b) (1) (A),[1] Blalock filed a petition for mandamus against Mayor Cartwright in his official capacity, seeking production of the requested documents and recovery of his attorney fees. The lawsuit appeared to rouse the City, which responded to Blalock's open records request by stating that copies of the requested documents would be made available within five business days. Five business days came and went, but no documents were produced. Mayor Cartwright did file an answer and a motion to dismiss the mandamus petition, and in November 2015 the trial court held an initial hearing, immediately after which Mayor Cartwright produced a portion of the requested documents. In December 2015, Mayor Cartwright produced additional documents responsive to Blalock's request.

---

[1] Specifically, this Code section requires agencies to produce the requested records "within a reasonable amount of time not to exceed three business days of receipt of a request" or, where the records themselves are not immediately available, to provide, within that three-business-day time period, a description of the records and a timeline for their production. OCGA § 50-18-71 (b) (1) (A).

At a subsequent hearing in February 2016, Blalock claimed that Mayor Cartwright was continuing to withhold certain categories of requested documents, an assertion that Mayor Cartwright denied. The trial court proceeded to hear Mayor Cartwright's motion to dismiss and ultimately granted it, concluding that the Act's provision for the recovery of civil penalties constitutes an adequate remedy at law that renders mandamus unavailable. See OCGA § 50-18-74 (a) (describing available civil and criminal penalties). Our review of the trial court's determination on this question of law is de novo. See *Fulton County Bd. of Ed. v. Thomas*, 299 Ga. 59, 61 (786 SE2d 628) (2016).

## II.

The writ of mandamus may issue to compel a public official to perform a clear legal duty, but only "if there is no other specific legal remedy" to vindicate the petitioner's rights. OCGA § 9-6-20; *Bibb County v. Monroe County*, 294 Ga. 730, 734 (2) (755 SE2d 760) (2014). "To preclude mandamus, an alternative legal remedy must be equally convenient, complete and beneficial to the petitioner." (Citation and punctuation omitted.) *Southern LNG v. MacGinnitie*, 294 Ga. 657, 657 (755 SE2d 683) (2014). Thus, for example, where a litigant seeks to compel some action that could be obtained by pursuing

3

certiorari in superior court or seeking review by an administrative agency, mandamus will not lie.  See, e.g., *Carnes v. Crawford*, 246 Ga. 677, 679 (272 SE2d 690) (1980) (writ of mandamus was not available where litigant could have sought administrative agency review of hearing officer's adverse decision regarding peace officer certification); *McClung v. Richardson*, 232 Ga. 530, 531 (207 SE2d 472) (1974) (writ of mandamus not available where litigant could seek reinstatement to police force by pursuing review via certiorari).  On the other hand, where an alternative remedy would not necessarily afford the petitioner all the relief to which he claims to be entitled, the existence of such a remedy cannot stand as a basis for rejecting a mandamus claim.  See *Bibb County*, 294 Ga. at 735 (restarting statutory boundary line dispute resolution process "from square one," after substantial time and money were spent during the process already underway, was not an adequate alternative remedy); *Southern LNG*, 294 Ga. at 663-669 (collateral tax appeal could function as an adequate alternative remedy to mandamus against tax commissioner only if commissioner could be joined in tax appeal proceedings and thus be bound by decision therein).

Here, the right that Blalock seeks to vindicate through his mandamus petition is the right to access public records in the possession of the City. See generally *Richmond County Hosp. Auth. v. Southeastern Newspapers Corp.*, 252 Ga. 19 (311 SE2d 806) (1984). There appears to be no dispute that the records Blalock has sought are governed by the Act. The question is whether the Act itself offers Blalock a means of enforcing the right, such that his resort to mandamus is unnecessary and improper. On this subject, the Act provides as follows:

> The superior courts of this state shall have jurisdiction in law and in equity to entertain actions against persons or agencies having custody of records open to the public under [the Act] to enforce compliance with the provisions of [the Act]. Such actions may be brought by any person, firm, corporation, or other entity. In addition, the Attorney General shall have authority to bring such actions in his or her discretion as may be appropriate to enforce compliance with [the Act] and to seek either civil or criminal penalties or both.

OCGA § 50-18-73 (a). The Act also provides that civil penalties can be imposed "in any civil action brought pursuant to [the Act] against any person who negligently violates the terms of [the Act]" in an amount not exceeding $1,000 for the first violation and $2,500 for additional violations. OCGA § 50-18-74 (a).

5

As noted above, the trial court held that mandamus was improper due to the availability of civil penalties, which, it found, would have afforded Blalock relief that was equally convenient, complete, and beneficial. As an initial matter, it is not entirely clear whether civil penalties are in fact recoverable by private litigants such as Blalock. The text of the Act, while authorizing "any person, firm, corporation, or other entity" to bring an action to enforce compliance, also refers only to the Attorney General in relation to the authority to seek civil penalties. See OCGA § 50-18-73 (a). See also *Lue v. Eady*, 297 Ga. 321, 332, n. 14 (773 SE2d 679) (2015) (questioning whether analogous civil penalty provision of Open Meetings Act is enforceable by private litigants). Accordingly, whether Blalock himself is even eligible to recover civil penalties is an open question.[2]

But even assuming that civil penalties were available to Blalock, the recovery of those penalties would not constitute an adequate remedy: a monetary award is simply no substitute for access to the information found in government records. Were we to hold otherwise, agencies and officials could shirk their obligations under the Act whenever they determined that maintaining the

_____

[2] And even if Blalock could seek to recover civil penalties, he could do so only by suing Cartwright in his individual, personal capacity. See *Lue*, 297 Ga. at 332.

secrecy of requested records was worth the cost of paying civil penalties. We therefore disagree with the trial court's conclusion to the extent that it rests on the premise that an award of civil penalties would constitute an adequate alternative remedy to relief in mandamus.

III.

Even so, we conclude that the Act's enforcement provisions do afford Blalock an adequate alternative remedy to mandamus. As noted above, the Act authorizes "any person, firm, corporation, or other entity" to bring an "action[ ] . . . to enforce compliance with the provisions of [the Act]." OCGA § 50-18-73 (a). Thus, quite aside from any potential action for civil penalties, the Act expressly creates a private right of action to enforce the obligations imposed on persons or agencies having custody of records open to the public under the Act. See *Tobin*, 278 Ga. at 663 (2) ("[t]he Act provides legal and equitable remedies to ensure compliance with its provisions"); *Bowers v. Shelton*, 265 Ga. 247, 249 (1) (453 SE2d 741) (1995) (holding that appellees "have a cause of action to enforce compliance with the Act"). Litigants have routinely availed themselves of this right of action, without resort to mandamus. See, e.g., *Deal v. Coleman*, 294 Ga. 170, 181 (2) (b) (751 SE2d 337) (2013) (private citizens sued under the

7

Act to compel production of records from the State Technical College System);

*Bowers*, 265 Ga. at 249 (private citizens sued to enjoin disclosure of requested records alleged to be exempt under the Act); *Dortch v. Atlanta Journal & Atlanta Constitution*, 261 Ga. 350, 350 (405 SE2d 43) (1991) (newspaper publisher sued under the Act to compel production of unredacted records from City of Atlanta's Bureau of General Services); *Richmond County Hosp. Auth.*, 252 Ga. at 19 (newspaper publisher sued under the Act to compel disclosure of certain records in the custody of county hospital authority).

We acknowledge that, despite the existence of an express right of action under OCGA § 50-18-73 (a), our courts — including this Court — have entertained mandamus actions to compel the disclosure of records under the Act, apparently without consideration of whether mandamus was an appropriate avenue of relief. See, e.g., *Evans v. Ga. Bureau of Investigation*, 297 Ga. 318 (773 SE2d 725) (2015) (affirming denial of mandamus relief under the Act); *Decatur County v. Bainbridge Post Searchlight*, 280 Ga. 706 (632 SE2d 113) (2006) (disposing of mandamus claim under the Act without regard to the existence of alternative relief); *Howard v. Sumter Free Press*, 272 Ga. 521 (531 SE2d 698) (2000) (affirming grant of mandamus under the Act); *Pensyl v.*

8

*Peach County*, 252 Ga. 450 (314 SE2d 434) (1984) (affirming grant of mandamus under the Act). Notably, the provision authorizing a private right of action first appeared in the Act in 1982. See Ga. L. 1982, pp. 1789, 1791, § 1. Prior to the creation of this private right of action, mandamus would have been an appropriate mechanism for compelling compliance with the Act, and the use of mandamus as a means of enforcement thus originated at a time when such relief was available. See *Doe v. Sears*, 245 Ga. 83 (263 SE2d 119) (1980); *Brown v. Minter*, 243 Ga. 397 (254 SE2d 326) (1979); *Griffin-Spalding County Hosp. Auth. v. Radio Station WKEU*, 240 Ga. 444 (241 SE2d 196) (1978). But now that a private right of action exists under the Act, mandamus relief is not only unnecessary but improper. Cf. *Tobin*, 278 Ga. at 663.[3] To the extent that cases like *Evans* suggest otherwise, they are disapproved.

---

[3] We note that, in *Tobin*, this Court relied on case law that had held mandamus unavailable where the records in question could be obtained via civil discovery in previously-filed litigation. 278 Ga. at 663. While the availability of civil discovery to obtain requested records may certainly constitute an adequate alternative to mandamus in a given case, we emphasize that, where a litigant is authorized to bring a cause of action under OCGA § 50-18-73 (a), this right of action will always constitute an adequate alternative that precludes the availability of mandamus, whether or not civil discovery or some other enforcement mechanism may also be available.

Accordingly, the trial court properly dismissed Blalock's petition for mandamus. See *Whitfield v. City of Atlanta*, 296 Ga. 641, 642 (769 SE2d 76) (2015) (affirming dismissal of claims against city as "right for any reason").[4]

Judgment affirmed. All the Justices concur.

Decided April 17, 2017.

Mandamus. Clayton Superior Court. Before Judge Simmons.

Wayne B. Kendall, for appellant.

L'Erin F. Barnes, for appellee.

---

[4] Blalock's petition also sought the recovery of attorney fees. See OCGA § 50-18-73 (b) (authorizing recovery of attorney fees in enforcement actions under the Act). Because Blalock has not challenged the trial court's dismissal order as it specifically relates to his attorney fee claims, we do not address these claims on appeal. See *Reece v. State*, 210 Ga. 578, 579 (4) (82 SE2d 10) (1954) (grounds for appeal that were not raised in the briefs nor otherwise argued during appeal proceedings were deemed abandoned).