**FIRST DIVISION**
**BARNES, P. J.,**
**BROWN and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 20, 2022**

# In the Court of Appeals of Georgia

A22A0326. BLAU v. GEORGIA DEPARTMENT OF CORRECTIONS.

BARNES, Presiding Judge.

This case arises out of a dispute over the interplay between Georgia's Open Records Act, OCGA § 50-18-70 et seq., and its Secrecy Act, OCGA § 42-5-36 (d),[1] and whether records that contain information protected by the Secrecy Act are subject to disclosure in redacted form. Max Blau, an investigative journalist, submitted two Open Records Act requests to the Georgia Department of Corrections ("GDOC") seeking records relating to the purchase, acquisition, transportation, and handling of the drugs that the GDOC used or planned to use for executions by lethal injection.

---

[1] While the General Assembly gave no formal name to the statute, the parties refer to OCGA § 42-5-36 (d) as the "Secrecy Act." For ease of reference, we will refer to the statute by the same name as the parties.

The GDOC responded by withholding in their entirety the records in its possession that contained information protected by the Secrecy Act. Blau sued the GDOC for declaratory and injunctive relief, alleging that the GDOC was improperly withholding the records because it was obligated under the Open Records Act to redact the information protected by the Secrecy Act and produce the records. The GDOC moved to dismiss Blau's amended complaint for failure to state a claim upon which relief could be granted, contending, among other things, that the records requested by Blau and withheld by the GDOC were protected from disclosure under the Secrecy Act. The trial court agreed with the GDOC and granted its motion to dismiss, and the court thereafter denied Blau's motion for reconsideration. On appeal from the dismissal order, Blau contends that the trial court erred in concluding that he failed to state a claim under the Open Records Act. For the reasons discussed below, we reverse in part, vacate in part, and remand for further proceedings consistent with this opinion.[2]

[2] We note that Blau's opening brief to this Court does not comply with the Appellate Practice Act and this Court's rules. Primarily, Blau's brief does not contain an enumeration of errors. See OCGA § 5-6-40 ("The appellant . . . shall file with the clerk of the appellate court . . . an enumeration of the errors which shall set out separately each error relied upon. . . . The appellate court, by rule, may permit the enumeration to be made a part of the brief."); Court of Appeals Rule 25 (a) (2) ("Part Two shall consist of the enumeration of errors. . . ."). Moreover, his brief lacks a "statement of the method by which each enumeration of error was preserved for consideration" and a "statement of jurisdiction as to why this Court, and not the

"This Court reviews de novo a trial court's ruling on a motion to dismiss for failure to state a claim, construing the pleadings in the light most favorable to the plaintiff and with any doubts resolved in the plaintiff's favor, and viewing all well-pled allegations in the complaint as true." (Citations and punctuation omitted.) *PV Holding Co. v. Poe*, 360 Ga. App. 381, 382 (861 SE2d 265) (2021). "[T]he pleadings to be construed include any exhibits attached to and incorporated into the complaint and the answer." *Babalola v. HSBC Bank*, 324 Ga. App. 750, 750 (751 SE2d 545) (2013). See OCGA § 9-11-10 (c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").

> A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof, and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

Supreme Court, has jurisdiction." Court of Appeals Rules 25 (a) (1), 25 (a) (2). Despite these deficiencies, we exercise our discretion to consider the arguments contained in Blau's brief.

3

(Citation and punctuation omitted.) *Hendon Properties v. Cinema Dev.*, 275 Ga. App. 434, 435 (620 SE2d 644) (2005).

Blau's amended complaint and the attachments thereto[3] reflect the following. Blau "is an Atlanta-based journalist who writes narrative and investigative stories for newspapers, magazines, and digital media outlets." On September 9, 2020, Blau's attorney sent a request to the GDOC under the Open Records Act, OCGA § 50-18-70 et seq., seeking documents relating to executions by lethal injection in Georgia ("Initial Request"). Among other things,[4] the Initial Request sought "[a]ll records

---

[3] The Open Records Act requests for documents submitted by Blau's attorney to the GDOC, and the responses of GDOC's deputy general counsel, were attached to the amended complaint.

[4] Contemporaneously with the request at issue in this case, Blau submitted two additional requests to the GDOC, seeking:
> 1. All inventory logs and disposition records pertaining to any and all drugs, equipment, or tools that are currently or have previously been in [GDOC]'s possession that the [GDOC] intends to use, has used, or intended to use in an execution by lethal injection, from the period of January 1, 2018, to the present.
> 2. All records pertaining to the observation or testing of any and all drugs, equipment, or tools that are or have previously been in [GDOC]'s possession that the [GDOC] intends to use, has used, or intended to use in an execution by lethal injection, from the period of January 1, 2018, to the present.

The record indicates that the GDOC provided documents responsive to these two requests on August 12, 2020, and Blau does not challenge the GDOC's responses in this action.

4

concerning the purchase, acquisition, transportation, and handling of any and all drugs that the [GDOC] intends to use, has used, or intended to use in an execution by lethal injection, from the period of January 1, 2018, to the present." The GDOC's deputy general counsel responded that the records in its possession responsive to the Initial Request were not subject to disclosure under the Open Records Act. According to the GDOC's counsel, the records were covered by the Secrecy Act, OCGA § 42-5-36 (d), which protects from disclosure the "identifying information" of certain persons and entities involved in executions, including the manufacturers and suppliers of the drugs used for executions by lethal injection.

On October 7, 2020, Blau's attorney sent a second request for records to the GDOC under the Open Records Act ("Second Request"). The Second Request asked the GDOC to produce the records that it had withheld in response to the Initial Request, but with the "identifying information" protected by the Secrecy Act redacted. Relying on the Secrecy Act, the GDOC refused to produce the records in redacted form.

Blau subsequently filed the instant lawsuit against the GDOC. His complaint, as amended, alleged that the GDOC "possesses documents responsive to the Initial and Second Requests that do not consist entirely and exclusively of 'information'

5

covered under the Secrecy Act," and that the GDOC had failed to produce the responsive documents in redacted form as required by the Open Records Act. Among other things, Blau requested that the trial court enter a permanent injunction pursuant to the Open Records Act requiring the GDOC to produce the requested records "after redacting only the identifying information that the Secrecy Act expressly protects." Blau also sought entry of a judgment pursuant to the Declaratory Judgment Act, OCGA § 9-4-1 et seq., declaring that the Secrecy Act "does not exempt in their entirety all records concerning the purchase, acquisition, transportation, and handling of any and all drugs that [GDOC] intends to use, has used, or intended to use in an execution by lethal injection."

The GDOC filed a motion to dismiss Blau's amended complaint for failure to state a claim upon which relief could be granted. The GDOC asserted that because the withheld records revealed identifying information of persons or entities involved in executions by lethal injection, the records were exempted in their entirety from disclosure under the language of the Secrecy Act, and Blau therefore could not succeed on his claims because the GDOC properly withheld the requested records.

Blau opposed the motion to dismiss, arguing that the Secrecy Act should be narrowly construed in accordance with the Open Records Act to require the GDOC

6

to redact the identifying information covered by the Secrecy Act and then produce the requested records. Blau argued that he therefore stated an Open Records Act claim "by alleging that the [GDOC] is wrongfully withholding entire responsive public documents rather than producing the responsive records with any protected identifying information redacted."

After reviewing the pleadings and arguments of the parties, the trial court granted the GDOC's motion to dismiss the amended complaint, concluding that Blau was not "entitled to the records redacted in the manner that he seeks" based on the text of the Secrecy Act. Blau filed a motion for reconsideration, which the trial court denied, again rejecting Blau's argument that the withheld records were subject to disclosure with the identifying information redacted and instead concluding that the Secrecy Act protected the entire records from disclosure. The trial court reasoned that the Secrecy Act

> does not just protect the "name, residential or business address, residential or business telephone number, day and month of birth, social security number, or professional qualifications" of entities involved in the production and transport of drugs used in the death penalty, but rather protects "any records or information that reveals" such name, residential, business address, etc.

Blau now appeals from the dismissal order, challenging the trial court's ruling that he failed to state a claim.

1. *The Open Records Act.* We begin with the applicable statutory framework. The General Assembly has found and declared that "public access to public records should be encouraged to foster confidence in government and so that the public can evaluate the expenditure of public funds and the efficient and proper functioning of its institutions." OCGA 50-18-70 (a). To that end, the Open Records Act directs that "[a]ll public records shall be open for personal inspection and copying, except those which by order of a court of this state or by law are specifically exempted from disclosure." OCGA § 50-18-71 (a). "Government agencies therefore have a duty to disclose public records unless relieved of that duty by a specific exemption or court order." *Campaign for Accountability v. Consumer Credit Research Foundation*, 303 Ga. 828, 830 (2) (815 SE2d 841) (2018). And the Open Records Act "expressly creates a private right of action to enforce the obligations imposed on persons or agencies having custody of records open to the public under the Act." *Blalock v. Cartwright*, 300 Ga. 884, 887 (II) (799 SE2d 225) (2017). See OCGA § 50-18-73 (a).

In suits brought pursuant to the Open Records Act, the first inquiry is whether the documents at issue are "public records." *Hardaway Co. v. Rives*, 262 Ga. 631, 632

8

(1) (422 SE2d 854) (1992). If the documents are public records, the second inquiry

is whether they are protected from disclosure under a statutory exemption. See id.;

*Smith v. Northside Hosp.*, 347 Ga. App. 700, 705 (820 SE2d 758) (2018).[5] In

determining the scope of a statutory exemption, courts must remain mindful that

> the legislature has . . . directed that the [Open Records] Act be "broadly construed to allow the inspection of government records," OCGA § 50-18-70 (a), while the exceptions to disclosure "shall be interpreted narrowly to exclude only those portions of records addressed by such exception." Id.; see also OCGA § 50-18-71(a); *City of Atlanta v. Corey Entertainment, Inc.*, 278 Ga. 474, 476 (1) (604 SE 140) (2004).

*Schick v. Bd. of Regents of Univ. System of Ga.*, 334 Ga. App. 425, 429 (1) (779 SE2d

452) (2015).

In its motion to dismiss, the GDOC did not contest that the documents sought

by Blau were public records as defined by the Open Records Act and instead focused

on the second inquiry, namely, whether a statutory exemption protected the records

---

[5] Many of the statutory exemptions to disclosure are found in OCGA § 50-18-72 (a), but the list of exemptions contained in that subsection is not exhaustive. See *Campaign for Accountability*, 303 Ga. at 830 (2); *Hardaway Co.*, 262 Ga. at 633 (1). The GDOC did not rely on any of the exemptions found in OCGA § 50-18-72 (a) in moving to dismiss Blau's complaint.

9

from disclosure. The GDOC relied upon the statutory exemption set forth in the Secrecy Act, OCGA § 42-5-36 (d),[6] which provides:

(1) As used in this subsection, the term "identifying information" means any records or information that reveals a name, residential or business address, residential or business telephone number, day and month of birth, social security number, or professional qualifications.

(2) The identifying information of any person or entity who participates in or administers the execution of a death sentence and the identifying information of any person or entity that manufactures, supplies, compounds, or prescribes the drugs, medical supplies, or medical equipment utilized in the execution of a death sentence shall be confidential and shall not be subject to disclosure under Article 4 of Chapter 18 of Title 50 or under judicial process. Such information shall be classified as a confidential state secret.

---

[6] See *Owens v. Hill*, 295 Ga. 302, 316-317 (4) (d) (3) (758 SE2d 794) (2014) (discussing the Secrecy Act and explaining the rationale behind affording confidentiality to those parties involved in executions).

OCGA § 42-5-36 (d).[7] In light of the GDOC's reliance on the protections from disclosure afforded by the Secrecy Act, the pertinent legal question on appeal is whether Blau's Open Records Act claim was entirely foreclosed by the Secrecy Act at the pleadings stage of the litigation. We conclude that it was not.

As previously noted, in his amended complaint, Blau alleged that the public records withheld by the GDOC in response to his Initial and Second Requests did not "consist entirely and exclusively of 'information' covered by the Secrecy Act," and that the records could be produced by the GDOC with the "identifying information" of the relevant persons or entities involved in executions redacted. Blau's complaint further alleged that the GDOC had impermissibly withheld records responsive to his requests in their entirety, instead of producing the portions of those records containing information about the purchase, acquisition, transportation, and handling of drugs used in lethal injection that were not covered by the Secrecy Act. Based on these allegations, and mindful that this case is only at the pleadings stage such that

_____

[7] The Secrecy Act was amended, effective July 1, 2021, to further provide:
> No person shall divulge or cause to be divulged in any manner any confidential state secret. Any person violating this Code section or any person who causes or procures a violation of this Code section or conspires to violate this Code section shall, upon conviction, be guilty of a misdemeanor.

OCGA § 42-5-36 (f); Ga. Laws 2021, p. 91, § 1.

11

none of the records at issue are contained in the record, we cannot say that "*all* the records described in the [Initial and Second Requests] are excepted" in their entirety from disclosure under the Secrecy Act. (Emphasis in original.) *Deal v. Coleman*, 294 Ga. 170, 187 (3) (751 SE2d 337) (2013). See *Schick*, 334 Ga. App. at 429 (1). There may well be records in the possession of the GDOC that consist solely of identifying information protected by the Secrecy Act. "But as we understand the pleadings, they do not conclusively show that to be the case, and we must remember that this lawsuit is before us only upon [a] motion[ ] to dismiss." *Deal*, 294 Ga. at 187 (3). Accordingly, the allegations of the amended complaint do not disclose with certainty that Blau would not be entitled to relief under the Open Records Act, and his complaint thus should not have been dismissed. See generally *Hendon Properties*, 275 Ga. App. at 435 (setting out standard for motion to dismiss).

In concluding otherwise, the trial court noted that Blau's Open Records Act claim was predicated on his argument that while the withheld records contained information protected by the Secrecy Act, the GDOC was obligated to redact the protected information and then produce the remaining portions of the records. Rejecting Blau's argument, the trial court construed the Secrecy Act to mean that records containing any information covered by the Secrecy Act are entirely exempt

12

from disclosure. Based on its construction of the Secrecy Act, the trial court determined that the records sought by Blau were not subject to redaction and could be withheld in toto by the GDOC.

The trial court erred in its construction of the Secrecy Act. Construing the Secrecy Act as creating a blanket exemption from disclosure rather than allowing for redaction is inconsistent with the rule that statutory exemptions to the Open Records Act are to be construed narrowly. OCGA § 50-18-72 (b) of the Open Records Act directs that the exemptions set forth in that statute

> shall be interpreted narrowly so as to exclude from disclosure *only* that *portion* of a public record to which an exclusion is *directly* applicable. It shall be the duty of the agency having custody of a record to provide all other portions of a record for public inspection or copying.

(Emphasis supplied.) While "[t]his direction is by its terms applicable only to the exemptions listed in [OCGA] § 50-18-72," our Supreme Court has reasoned that "it would be incongruous were the same standard of narrow construction not applied to exemptions found in other parts of the Code." *Hardaway Co.*, 262 Ga. at 634 (2) (a). Consequently, our Supreme Court has concluded that "*any* purported statutory exemption from disclosure under the Open Records Act must be narrowly construed." (Emphasis in original.) Id. And when such a construction is applied in this case, the

13

Secrecy Act is properly construed to exclude from disclosure (and thus require redaction of) only those portions of a public record that would reveal the "name, residential or business address, residential or business telephone number, day and month of birth, social security number, or professional qualifications" of persons and entities that participate in or administer executions, or that manufacture, supply, compound, or prescribe the drugs or medical supplies or equipment utilized in executions. OCGA 42-5-36 (d). See *Hardaway Co.*, 262 Ga. at 634 (2) (a). "To exclude [an] entire document because it contains exempted material would be unresponsive to the legislative intent underlying the [Open Records] Act." (Citation and punctuation omitted.) *Atlanta Journal & Constitution v. City of Brunswick*, 265 Ga. 413, 414 (1) (457 SE2d 176) (1995). See *Griffin-Spalding County Hosp. Auth. v. Radio Station WKEU*, 240 Ga. 444, 447 (3) (241 SE2d 196) (1978) (explaining that "the intent of the General Assembly [in enacting the Open Records Act] was to afford to the public at large access to public records with the exceptions of certain information which the Act exempts from disclosure," and that the Act provides for agencies to redact existing records before producing them).

The trial court concluded that such a narrow construction was inconsistent with the plain language of the Secrecy Act,[8] but we disagree. The Secrecy Act makes confidential only the "identifying information" of persons or entities involved in executions, OCGA § 42-5-36 (d) (2), and "identifying information" is defined as "any records or information that *reveals* a name, residential or business address, residential or business telephone number, day and month of birth, social security number, or professional qualifications." (Emphasis supplied.) OCGA § 42-5-36 (d) (1). The text of the Secrecy Act thus focuses "upon [a] specific type of information contained in . . . [government] records" and on protecting that specific information from being revealed. *Atlanta Journal & Constitution*, 265 Ga. at 414 (1). It follows from this statutory text that if the protected information is not revealed, there is no Secrecy Act violation. And if properly redacted, no such revelation would occur. Therefore, construing the Secrecy Act as allowing for the production of records in redacted form is consistent with the text of that statute. See id. (drawing distinction between OCGA

---

[8] See generally *Campaign for Accountability*, 303 Ga. at 831 (2) ("In construing a statute, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would.") (citation and punctuation omitted).

§ 50-18-72 (a) (3), which "narrowly exempts the disclosure of [law enforcement and prosecution] records to the extent they contain certain specified 'confidential' information which the law does not 'otherwise' require to be disclosed," with OCGA § 50-18-72 (a) (4), which does not "focus . . . upon the specific type of information contained in law enforcement and prosecution records" and creates a broad exemption from disclosure with certain exceptions). Cf. *Evans v. Ga. Bureau of Investigation*, 297 Ga. 318, 320 (773 SE2d 725) (2015) (rejecting argument that government was required to produce law enforcement records exempted from disclosure under OCGA § 50-18-72 (a) (4) in redacted form because "[t]he focus of subsection (a)(4) . . . is not upon the specific type of information contained in law enforcement and prosecution records," but instead "broadly exempts from disclosure the entirety of such records to the extent they are part of a 'pending investigation or prosecution' and cannot otherwise be characterized as the initial arrest, accident or incident report") (citation, punctuation, and emphasis omitted), disapproved on other grounds by *Blalock v. Cartwright*, 300 Ga. 884, 888 (III) (799 SE2d 225) (2017).

For all of the aforementioned reasons, Blau stated a claim under the Open Records Act. We therefore reverse the trial court's dismissal of that claim.

16

2. *The Declaratory Judgment Act.* As noted above, in his amended complaint, Blau also sought entry of a judgment pursuant to the Declaratory Judgment Act declaring that the Secrecy Act did not exempt in their entirety all of the records he had requested related to lethal injection. In its motion seeking dismissal of the amended complaint, the GDOC raised an additional, alternative ground for dismissal of the declaratory judgment claim, but the trial court did not address or rule on that argument because it erroneously dismissed Blau's amended complaint in its entirety for the reasons discussed in Division 1. And although raised in the court below, neither party has addressed in their briefing on appeal the GDOC's alternative argument pertaining to whether Blau is entitled to declaratory relief. Under these circumstances, we exercise our discretion to vacate the trial court's order to the extent that it dismissed Blau's declaratory judgment claim and remand for the court to consider in the first instance the alternative argument raised by the GDOC as to why Blau failed to state a claim for declaratory relief. See *City Of Gainesville v. Dodd*, 275 Ga. 834, 838-839 (573 SE2d 369) (2002) (appellate courts have discretion to remand case to trial court to consider in the first instance alternative grounds raised and disputed by the parties, where the trial court did not reach those grounds because it relied on an erroneous legal theory or reasoning). See also *Maynard v. Snapchat*, 346

17

Ga. App. 131, 137 (2) (816 SE2d 77) (2018) (remanding case to the trial court to address remaining arguments for granting motion to dismiss).

*Judgment reversed in part, vacated in part, and case remanded with direction.*

*Brown and Hodges, JJ., concur.*